**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1173
_____

BRANDON L. FAKE,
                              Appellant

v.

CITY OF PHILADELPHIA; KEVIN M. DOUGHERTY, Judge;
MARGARET T. MURPHY, Judge; HOLLY J. FORD, Judge;
JOEL S. JOHNSON, Judge; DIANNE J. FAKE; PATRICK J. MURPHY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 16-cv-03893)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2017
Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 22, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Brandon L. Fake appeals from orders of the United States District Court for the Eastern District of Pennsylvania. We will affirm.

In July 2016, Fake filed a pro se complaint against 44 defendants, alleging a conspiracy in the Philadelphia Court of Common Pleas in connection with divorce, support, and custody proceedings between Fake and his ex-wife that began in 2004. The District Court granted Fake's motion to proceed in forma pauperis and screened the complaint under 28 U.S.C. § 1915(e). The Court dismissed some claims with prejudice and others without prejudice and allowed Fake to file an amended complaint. Dist. Ct. Mem., Dkt. #2 at 9-10.

In October 2016, the District Court dismissed Fake's amended complaint, determining that his claims were either legally frivolous or that they failed to state a claim upon which relief could be granted. Again, the District Court dismissed some of Fake's claims with prejudice and some claims without prejudice. Dist. Ct. Mem., Dkt. #6. The Court allowed Fake another chance to file an amended complaint "only with respect to his claims that have not been dismissed with prejudice." Dist. Ct. Order, Dkt. #7.

Fake then filed a second amended complaint against the City, Dianne Fake (his ex-wife), Patrick J. Murphy (who at the time was Under Secretary of the United States Army), and four judges[1] who served on the Philadelphia Court of Common Pleas during

---

[1] The judges named as defendants are Judge Kevin M. Dougherty, Judge Margaret T. Murphy, Judge Joel S. Johnson, and Judge Holly J. Ford.

2

the time period in his complaint. In December 2016, the District Court dismissed the second amended complaint with prejudice, determining that Fake failed to state a viable conspiracy claim, that he failed to state a basis for a claim against the City, and that the judicial defendants were entitled to judicial immunity. Fake filed a timely appeal.

We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We analyze the District Court's determination that the complaint failed to state a claim under the standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under that standard, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

Fake raises five claims of error in his brief. First, Fake challenges the District Court's decision at screening to dismiss with prejudice the claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 242. In that regard, Fake argues only that it was error to dismiss his claims with prejudice without discovery and a fair hearing. But §

3

1915(e)'s screening provisions function in a manner similar to a party's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure—the screening should expose the deficiencies of the complaint "'at the point of minimum expenditure of time and money by the parties and the court.'" See Twombly, 550 U.S. at 558 (quoting 5 Wright & Miller § 1216, at 233-234). "Because [Fake's] complaint is deficient under Rule 8, he is not entitled to discovery." See Iqbal, 556 U.S. at 686. Nor was a hearing required.[2]

Fake's second argument is that the District Court erred in dismissing claims against the Philadelphia Court of Common Pleas on the basis of Eleventh Amendment immunity because the state has "engaged in fraud." However, the Commonwealth of Pennsylvania has not waived immunity from suit in federal court, and "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); see also 42 Pa. Cons. Stat. Ann. § 8521(b); Benn v. First Judicial Dist., 426 F.3d 233, 238-41 (3d Cir. 2005). And we further agree with the District Court that the Court of Common Pleas is not, in any event, a "person" subject to liability under § 1983. See Will, 491 U.S. at 65-66.

---

[2] Fake does not give any other reasons for why he believes the District Court's decision to dismiss these claims was wrong. He has thus waived any other arguments concerning these claims. See Kopec v. Tate, 361 F.3d 772, 775 n. 5 (3d Cir. 2004) ("An issue is waived unless a party raises it in its opening brief."). Nonetheless, we do not discern any error in the District Court's decision to dismiss these claims.

Fake's third argument requires little discussion. He argues that the "District Court refers to the Philadelphia Court of Common Pleas as a Department of the City of Philadelphia" in its July 2016 memorandum. Fake misreads that opinion by eliding the Court's sentence regarding Eleventh Amendment immunity with the following sentence regarding departments of the City. See Dist. Ct. Mem., Dkt. #2 at 10. Fake appears to argue that his interpretation of the opinion caused him to drop the Philadelphia Court of Common Pleas as a defendant in his second amended complaint. But he was not prejudiced by his misreading, as the Court of Common Pleas is not subject to suit, as explained above.

Fake's fourth argument is that the District Court improperly determined that the judicial defendants are entitled to absolute immunity, since they "have acted criminally under color of law and without jurisdiction, as well as actions taken administratively [sic]." Judicial immunity extends to judicial officers, even if their actions were "in error, w[ere] done maliciously, or w[ere] in excess of [their] authority," unless the officers acted in clear absence of all jurisdiction. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (citations, quotations omitted). The complained-of acts were clearly performed by these defendants in their roles as judges, and the alleged procedural errors identified by Fake, such as those involved in scheduling or cancelling hearings, do not abrogate judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359, 362 (1978); see also Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 622 (7th Cir. 2002) (scheduling of hearings is integral to judicial functioning and mere fact that

5

scheduling is a routine activity does not render the task "administrative or ministerial in nature"). Nor would judicial immunity be lost even if some of the defendants, as Fake suggests, engaged in improper favoritism or ex parte communications. See Nystedt v. Nigro, 700 F.3d 25, 31-32 (1st Cir. 2012). Finally, Fake cannot sustain his request for injunctive relief; such claims are barred by the language of amendments to 42 U.S.C. § 1983 itself. Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).[3]

Fake's last argument is that the District Court improperly dismissed claims on the basis of the statute of limitations "for claims that occurred during the commission of fraud upon the Court." Fake states that the Philadelphia Court of Common Pleas and its officers "have engaged in an unconscionable scheme to commit fraud upon the Court that has been continuing to the present date." But even if all of Fake's claims against the Court of Common Pleas and the judicial defendants were timely, they fail on the basis of immunity, as described above.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] Fake has waived any challenge to the dismissal of his claims of a judicial conspiracy between his ex-wife and other defendants as he does not raise such a challenge in his brief. But in any event, we agree with the District Court that Flake's complaint had not "assert[ed] facts from which a conspiratorial agreement can be inferred." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010); see also Capogrosso, 588 F.3d at 184-85 (discussing pleading requirements in "judicial conspiracy" claims).