**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2324
_____

BRANDON L. FAKE, father of C. Fake, minor and B. Fake, minor;
C. F., minor; B. F., minor,

Appellants

v.

COMMONWEALTH OF PENNSYLVANIA;
PHILADELPHIA COUNTY COURT OF COMMON PLEAS,
Margaret T. Murphy, Court Administrative Judge;
DIANE R. THOMPSON, Judge;
ROBERT A. GRACI, Judicial Conduct Board;
JUDGE MARGARET T. MURPHY, an individual
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-02242)
District Judge: Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2018
Before: CHAGARES, BIBAS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 27, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Brandon Fake (Appellant)[1] appeals the District Court's order granting Appellees' motion to dismiss. Appellant also appeals the denial of his motion for preliminary injunction, his motion for a temporary restraining order, his motion to strike Appellees' motion to dismiss, and his motion to appoint counsel. We will affirm.

Appellant filed an action in the United States District Court for the Middle District of Pennsylvania against the Commonwealth of Pennsylvania, the Philadelphia Court of Common Pleas, Judge Diane R. Thompson, Judge Margaret T. Murphy, and Robert A. Graci (the Chief Counsel of the Judicial Conduct Board of Pennsylvania). He raised various claims associated with his divorce, and the support and custody proceedings involving his ex-wife, which began in 2004.

After considering Appellant's objections, the District Court adopted the 57-page Report and Recommendation (R&R) of the Chief Magistrate Judge, who recommended dismissing Appellant's complaint pursuant to Rule 12(b)(1) and 12(b)(6). The District Court issued an order dismissing Appellant's amended complaint with prejudice, denying Appellant's motions for an injunction and temporary restraining order, and denying as moot Appellant's motion to strike and motion to appoint counsel. Appellant timely appealed.[2]

---

[1] Pursuant to our order dated June 18, 2018, this appeal will proceed only as to Appellant; we dismiss the appeal as to Appellant's minor children. See 28 U.S.C. § 1654; Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882–84 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for minor child).
[2] We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291.

Initially, we note that much of Appellant's pro se brief contains conclusory arguments, with little to no citation to the record or relevant authority. He has thus waived review of much of the District Court's decision.[3] See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) (noting that "we have consistently refused to consider ill-developed arguments" or those not properly preserved due to passing and conclusory statements). Nonetheless, to the extent his brief may be construed as contesting the issues, we agree with the District Court's decision.

First, we conclude that the District Court properly determined that the Eleventh Amendment barred both Appellant's 42 U.S.C. § 1983 claims against the Commonwealth of Pennsylvania and the Philadelphia Court of Common Pleas, and the claims against Judge Thompson, Judge Murphy, and Chief Counsel Graci in their official capacities. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."). Appellant argues that the Eleventh Amendment does not bar his 42 U.S.C. § 1983 claims because the Commonwealth of Pennsylvania "has given both implied and express consent for this case to move forward." Appellant's Br. 24. However, he does not cite any document in the record in which Appellees gave consent

---

We review de novo the District Court's grant of the motion to dismiss pursuant to Rule 12(b)(6), and the District Court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018) (12(b)(6) standard); Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (12(b)(1) standard).

[3] For example, he raises no objections to the denial of his motion to strike and motion to appoint counsel; consequently, we do not address those motions.

to be sued.  Regardless, as we have informed him on a previous appeal, he is mistaken:

> [T]he Commonwealth of Pennsylvania has not waived immunity from suit in federal court, and "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); see also 42 Pa. Cons. Stat. Ann. § 8521(b); Benn v. First Judicial Dist., 426 F.3d 233, 238–41 (3d Cir. 2005).

Fake v. City of Philadelphia, 704 F. App'x 214, 216 (3d Cir. 2017).

Second, for the reasons expressed in the R&R, we agree with the District Court's determination that the Federal Courts Improvement Act of 1996 barred claims for injunctive relief against Judge Thompson and Judge Murphy, and that the doctrine of judicial immunity barred claims for damages against them in their individual capacities. See Dkt. #13 at 38–44.  Similarly, prosecutorial immunity, or alternatively qualified immunity, barred claims against Chief Counsel Graci.  See Dkt. #13 at 44–51. Additionally, we agree that Appellant's amended complaint failed to state a claim for relief under 42 U.S.C. §§ 1985(2) and (3), 42 U.S.C. § 1986, 18 U.S.C. § 2382, 18 U.S.C. § 1031, and 31 U.S.C. § 3729.  See Dkt. #13 at 51–53.  Appellant does not present any argument challenging these rulings; accordingly, we need not address any of these abandoned issues.  See Barna, 877 F.3d at 145–46.

The main substance of Appellant's brief presents various arguments alleging impropriety on the part of the courts below.  Appellant first alleges that the Chief Magistrate Judge willfully violated 28 U.S.C. § 455,[4] because of "major financial and

---

[4] Under 28 U.S.C. § 455(a), a Magistrate Judge must recuse herself if "a reasonable person, with knowledge of all the facts, would conclude that [her] impartiality might reasonably be questioned." In re: Kensington International Ltd., 353 F.3d 211, 220 (3d

political conflicts of interest involving the Commonwealth of Pennsylvania." Appellant's Br. 12. He contends his due process rights were violated and that the Chief Magistrate Judge had "no legal right to participate in this case and therefore lacked any and all jurisdiction." Appellant's Br. 12.

We disagree. Appellant accuses the Chief Magistrate Judge of bias, but points to no evidence in the record that supports this accusation. See Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal"). Moreover, it appears Appellant's allegations of bias stem from his disagreement with the R&R, which is an insufficient basis for recusal. See Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (noting a "party's displeasure with [a judge's] legal rulings does not form an adequate basis for recusal").

Next, Appellant argues that the District Court acted in violation of due process "by closing this case without affording [Appellant] the right to a fair hearing." Appellant's Br. 15. He contends the amended complaint and subsequent filings "have been ignored by the District Court displaying an obvious bias in the matter[.]" Appellant's Br. 15.

It is not clear whether Appellant is arguing that the District Court ignored his filed objections to the R&R, or whether he is arguing that he was entitled to a hearing on his motion for an injunction. Either way, the District Court operated without error, as the District Court explicitly noted that it reviewed Appellant's objections to the R&R, and it

---

Cir. 2003).

was not required to give Appellant a hearing on the injunction motion. See Dkt. #17 at 2–4; see also Equal Employment Opportunity Comm'n v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (explaining that "the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made'" (quoting 28 U.S.C. § 636(b)(1))); Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1176 (3d Cir. 1990) (noting a district court is not forced to hold a hearing on a motion for an injunction when the movant has presented no factual basis to support the claim); see also Doeblers' Pa. Hybrids, Inc., 442 F.3d at 821 n.10.[5]

Finally, the rest of Appellant's brief is dedicated to generally alleging that the District Court was wrong, without any explanation as to why, and arguing irrelevant issues on appeal.[6] As a result, we need not address them. See Barna, 877 F.3d at 145–46. Accordingly, for the foregoing reasons, we will affirm the District Court's judgment.[7]

---

[5] Appellant argues that Appellees have placed his minor children in immediate risk of harm, but he neither directs us to any evidence in the record that supports this conclusory argument, nor does he otherwise explain why the ultimate denial of injunctive relief was incorrect.

[6] Appellant alleges, without record support, that Martha Gale, Appellees' counsel, committed perjury and "fraud upon the court," and also seems to allege some sort of criminal enterprise and collusion between the District Court, the Chief Magistrate Judge, and Appellees.

[7] As noted above, we dismiss the appeal as to Appellant's minor children, pursuant to our order dated June 18, 2018.