**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3590

———————

BRANDON L. FAKE,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; FIRST
JUDICIAL DISTRICT OF PENNSYLVANIA; JUDGE
DIANE R. THOMPSON; JUDGE MARGARET T. MURPHY

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-17-cv-03636)
District Judge: Honorable Gerald J. Pappert

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2018

Before:  GREENAWAY, JR., BIBAS and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 15, 2019)

———————

OPINION*

———————

PER CURIAM

———————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Brandon L. Fake appeals from an orders of the District Court dismissing his amended complaint and denying reconsideration. For the reasons that follow, we will affirm.

Fake filed an in forma pauperis civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Eastern District of Pennsylvania, against the Commonwealth of Pennsylvania, the First Judicial District of Pennsylvania, and Judges Diane R. Thompson and Margaret T. Murphy, raising claims associated with his divorce, and the support and custody proceedings involving his ex-wife that began in 2004. Fake previously filed suit in federal court, alleging a conspiracy against him in the Philadelphia courts, which was dismissed; we affirmed that order dismissing the prior action, see Fake v. City of Philadelphia, 704 F. App'x 214 (3d Cir. 2017) (holding that Fake was not entitled to discovery, that the Eleventh Amendment barred his claims against the state court, and that the judges were absolutely immunized from suit). In his most recent civil action, Fake again complained of a conspiracy against him in the Philadelphia courts, and complained of various rulings made by Judges Murphy and Thompson from August 9, 2016 to September 25, 2017.

After Fake amended his complaint, the District Court dismissed it for failure to state a claim that was plausible, see 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court reasoned that, contrary to Fake's assertion, criminal statutes do not provide a basis for civil liability; the amended complaint contained no facts that plausibly suggested that the defendants discriminated against him on the basis of race, disabilities, religious beliefs, or gender; the amended complaint contained no facts that plausibly suggested the existence

2

of a class-based conspiracy; the Eleventh Amendment barred his § 1983 action against the Commonwealth of Pennsylvania and the First Judicial District of Pennsylvania; and Judges Thompson and Murphy were absolutely immunized from suit because Fake's claims against the judges were based on how they had ruled in the custody action, how they had handled his filings or scheduling matters in that case, and their signing of orders. The District Court also concluded that any further amendment to the complaint would be futile. On November 7, 2017, Fake filed a motion for reconsideration, which the District Court denied in an order entered on November 8, 2017.

Fake appeals. We have jurisdiction under 28 U.S.C. § 1291. In his pro se brief on appeal, Fake contends that the District Court was biased against him and "possess[ed a predisposed opinion," in violation of 28 U.S.C. § 455(a) and his right to due process; and that the Court in dismissing his amended complaint disregarded Fed. R. Civ. P. 15(a)(1)(A). Appellant's Pro Se Brief, at 4-5, 7. He also contends that he was entitled to discovery. Id.

We will affirm. Section 455(a) of title 28 provides that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably questioned." In re: Kensington International Ltd., 353 F.3d 211, 220 (3d Cir. 2003) (citing Edelstein v. Wilentz, 812 F.2d 128 (3d Cir. 1987)). Fake did not seek the District Court's recusal in the proceedings below, and he does not direct us to any evidence in the

3

record of impartiality on the part of the District Court. Having reviewed the record, we conclude that there is no basis for reasonably questioning the District Court's impartiality. Instead, it appears that Fake's allegations of bias stem from the District Court's adverse rulings in his two civil actions, but "a party's displeasure with [a judge's] legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Fake's second contention on appeal is similarly meritless. After granting Fake's application to proceed in forma pauperis, the District Court dismissed his complaint with leave to file an amended complaint. The Court directed Fake not to attempt to litigate claims that were raised and decided in his prior case. Fake then filed an amended complaint "with five volumes of supporting documents, 792 pages," Appellant's Pro Se Brief, at 7, raising many of the same, previously litigated, flawed legal arguments. The District Court's refusal to permit any further amendments after this thorough and flawed amendment was filed by Fake was not an abuse of discretion. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (leave to amend not required where amendment would be futile).

Next, the in forma pauperis statute, 28 U.S.C. § 1915(e), permits the District Court to screen complaints and amended complaints for the deficiencies of the type noted here to avoid the expenditures of time and money associated with discovery, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009). The District Court was not required to permit discovery here.

4

Last, Fake's motion for reconsideration was properly denied because he did not argue an intervening change in the law, new evidence, or a clear error of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For the foregoing reasons, we will affirm the orders of the District Court dismissing the amended complaint and denying reconsideration. Appellant's request, contained in his pro se brief, that we appoint him counsel is denied as moot.