**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2377
_____

BRANDON L. FAKE,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA;
JUDGE DIANE R. THOMPSON; JUDGE MARGARET T. MURPHY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-03636)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 18, 2019

Before: SHWARTZ, RESTREPO and RENDELL, Circuit Judges

(Opinion filed: December 18, 2019)

_____

O P I N I O N*

_____

PER CURIAM

In 2004, Brandon L. Fake was party to divorce, child support, and custody proceedings in the Philadelphia Court of Common Pleas. He later filed suit in federal court alleging a conspiracy against him in the Philadelphia courts. The District Court dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and we affirmed. Fake v. City of Philadelphia, 704 F. App'x 214 (3d Cir. 2017) (per curiam) (not precedential).

Fake then filed a second suit in federal court, again complaining of a conspiracy in his state-court proceedings and various rulings made by the judges involved. The District Court dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Fake moved for reconsideration, arguing, as relevant here, that District Judge Pappert should have recused himself pursuant to 28 U.S.C. § 455 because he had improper personal and financial ties to certain defendants in Fake's first federal suit. Judge Pappert denied reconsideration, explaining that he did not maintain any relationships with the defendants that warranted recusal. Upon review, we determined that nothing in the record suggested that Judge Pappert had acted with partiality and affirmed the District Court's rulings. Fake v. Pennsylvania, 753 F. App'x 118 (3d Cir. 2019) (per curiam) (not precedential).

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Fake returned to the District Court and sought reopening under Rules 60(b) and (d) of the Federal Rules of Civil Procedure. Fake raised the same allegations that he raised in his prior motion, once again arguing that District Judge Pappert should have recused himself from his case because of his connections to the defendants in Fake's prior suit. The District Court denied the motion and Fake appealed.[1]

We will affirm. Given that this Court already considered, and rejected, Fake's recusal claim, his remedy was to pursue a writ of certiorari with the United States Supreme Court—not return to the District Court and file another Rule 60(b) motion. See Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (explaining that a request for relief pursuant to Rule 60(b) cannot be used as a substitute for an appeal); Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 312 (3d Cir. 1999) (en banc) (noting that a petition for certiorari is the proper means to challenge a court of appeals ruling). To the extent that Fake asserted that he had new evidence to support his recusal claim, we have reviewed the record and conclude that this evidence, even if somehow "new," did not advance his claim. Therefore, the District Court did not err in denying Fake's motion to reopen.

Accordingly, we will affirm.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.