**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3403
_____

UNITED STATES OF AMERICA

v.

EDWARD JACKSON,
also known as QUILL

Edward Jackson,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 11-cr-0434-60)
District Judge: Honorable Berle M. Schiller
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2014
_____

Before: FUENTES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*

(Filed: September 5, 2014)

_____

OPINION OF THE COURT
_____

1

FUENTES, *Circuit Judge*:

Edward Jackson was indicted along with more than 60 co-defendants for their collective involvement in a scheme to procure fraudulent prescriptions of oxycodone using fake patients. Subsequently, Jackson pleaded guilty to conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C) without a plea agreement. The District Court sentenced Jackson to a within Guidelines' sentence of 240 months' imprisonment, the maximum term allowed by the statute. Jackson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Jackson has filed his own pro se brief alleging ineffective assistance of trial counsel. For the following reasons, we grant counsel's motion to withdraw as Jackson's attorney, affirm the District Court's Judgment of Conviction and Sentence, and dismiss without prejudice Jackson's ineffective assistance of counsel claims.

Under *Anders,* a criminal defendant's appeal may be dismissed on the merits and his counsel permitted to withdraw if, after a thorough exploration of possible issues on appeal, his attorney "conscientiously concludes, and so advises the appellate court, that there are no meritorious grounds of appeal; and provided that the appellate court is satisfied from its own review of the record, in light of any points personally raised by the defendant, that appointed counsel's conclusion is correct." 386 U.S. at 741 n. 2; *see also* 3d. Cir. L.A.R. 109.2(a) (2008); *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If an *Anders* brief is inadequate in that it does not mention arguments raised in a defendant's pro se brief or otherwise does not satisfy the court that counsel has

2

thoroughly searched the record and the law, we may nevertheless dispose of the appeal if it is patently frivolous. *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).

Our first step, therefore, is to determine whether the brief filed by Jackson's attorney is adequate. *See Youla*, 241 F.3d at 300. Here, counsel briefed three potential issues for appeal: (1) whether the District Court had proper subject matter jurisdiction; (2) whether Jackson's plea was counseled, procedurally valid, and voluntary; and (3) whether the sentence imposed was procedurally valid and substantively reasonable. Relying on relevant case law, citations to the record, and sound legal analysis, counsel argues there are no nonfrivolous appealable issues.

Our independent review of the record confirms counsel's conclusions. We are satisfied that the District Court had jurisdiction, and that it conducted a thorough and counseled plea colloquy pursuant to Federal Rule of Criminal Procedure 11, leaving no suggestion that Jackson's plea was not "knowing, voluntary, and intelligent." *See United States v. Tidwell*, 521 F.3d 236, 251-52 (3d Cir. 2008).

Furthermore, Jackson's sentencing proceeding was both procedurally and substantively adequate.[1] Under *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), a sentencing court must follow a three-stop process. First, the Court must calculate the Guidelines. *Id*. at 247. Second, it must rule on any departure motions made by the parties. *Id*. And third, it must exercise its discretion in considering the relevant sentencing factors

---

[1] "We review a district court's legal conclusions regarding the Guidelines *de novo*, ... its application of the Guidelines to the facts for abuse of discretion, ... and its factual findings for clear error[.]" *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009) (internal citations omitted).

under 18 U.S.C. § 3553(a). *Id*. When the District Court calculated Jackson's Guidelines'

range, it first made factual findings concerning the amount of oxycodone that Jackson

was responsible for. The District Court adopted the findings contained in the Pre-

Sentence Report ("PSR"), which attributed to Jackson 4,478 grams of oxycodone, the

equivalent of 30,000 kg of marijuana under the Guidelines. Jackson's counsel objected to

this amount at sentencing, arguing that the District Court should have found instead only

18 grams were attributable to Jackson. The District Court rejected this argument, stating

that it "fl[ew] in the face of the evidence." App. at 212. This evidence included testimony

from a government agent, which was corroborated by numerous records that included a

patient list, pharmacy data, and forensic analysis. There is no basis in the record from

which to conclude that the District Court clearly erred in reaching this factual

determination.

The 30,000 kg amount yielded a base offense level of 38. The Court then applied a

three-point enhancement for Jackson's role as a manager or supervisor under U.S.S.G.

§ 3B1.1(b). While Jackson's counsel had initially filed a written objection to this

enhancement in response to the PSR, his attorney abandoned this objection at the

sentencing hearing. After adding three levels for his managerial role in the offense, and

subtracting two for acceptance of responsibility, Jackson's total offense level was 39.

This yielded a Guidelines' range between 292 and 265 months, but because the statutory

maximum was 240 months, that became his new range. The District Court correctly

calculated the Guidelines' range.

4

Finally, the District Court stated that it had considered the sentencing factors under § 3553(a), including the nature and circumstances of the offense, specific and general deterrence, the relevant policy statements issued by the Sentencing Commission, and Jackson's criminal history, which included a murder conviction and dozens of arrests. Taking into account these factors, there is no way to conclude that "no reasonable sentencing court would have imposed the same sentence on [Jackson] for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

For his part, Jackson claims in his pro se brief that his trial counsel provided ineffective assistance of counsel. He faults his attorney first, for abandoning at sentencing the argument that Jackson should not be subject to the managerial enhancement under U.S.S.G. § 3B1.1(b); second, for misinforming Jackson that the same enhancement would not apply; and third, for telling Jackson incorrectly that he would surely get a lower sentence than 240 months if he pleaded guilty. Appellate counsel did not anticipate these arguments in his brief. However, the government is correct that such claims should be reserved for collateral review under 28 U.S.C. § 2255 as they require extra-record evidence. *See United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007). Accordingly, we decline to review Jackson's claims at this time.

For the foregoing reasons, we grant defense counsel's *Ander*'s motion to withdraw, affirm the Judgment of Conviction and Sentence imposed by the District Court, and dismiss without prejudice Jackson's ineffective assistance of counsel claims.