**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2647
_____

UNITED STATES OF AMERICA

v.

EDWARD JACKSON, aka QUILL,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cr-00434-060)
District Judge: Hon. Berle M. Schiller
_____

Argued Tuesday, January 14, 2020
_____

Before: HARDIMAN, PORTER, and PHIPPS,
*Circuit Judges*

(Filed: February 4, 2020)

Rachel A.H. Horton [**Argued**]
Ilana H. Eisenstein
DLA Piper
1650 Market Street
One Liberty Place, Suite 5000
Philadelphia, PA 19103

Bruce P. Merenstein
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103

*Counsel for Appellant*

William M. McSwain, United States Attorney
Robert A. Zauzmer, Chief of Appeals
Emily McKillip      [**Argued**]
Bernadette A. McKeon
Michelle Rotella
Nancy B. Winter
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

*Counsel for Appellee*

_____

OPINION[*]

_____

PORTER, *Circuit Judge*.

Edward Jackson pleaded guilty to one count of conspiracy to distribute oxycodone. Jackson later petitioned the District Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. A Magistrate Judge issued a Report and Recommendation, recommending that the District Court deny Jackson's motion. After the deadline for Jackson to submit his objections to the Report and Recommendation, the District Court entered a final order adopting the Report and Recommendation and denying Jackson's motion. More than sixty days later, Jackson appealed.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

As a threshold matter, we must decide whether Jackson's notice of appeal was timely. It was not. And because filing a timely notice of appeal is a jurisdictional question, we will dismiss Jackson's appeal for want of jurisdiction.

**I**

Jackson participated in a drug conspiracy. He pleaded guilty and was sentenced to 240 months' imprisonment. He directly appealed, but we affirmed his conviction. *United States v. Jackson*, 579 F. App'x 134, 136 (3d Cir. 2014). In 2015, Jackson filed a motion to vacate, set aside, or correct his sentence under § 2255. On April 17, 2017, the Magistrate Judge issued a Report and Recommendation, recommending that the District Court deny Jackson's § 2255 motion. An accompanying notice alerted the parties that they could file objections to the Report and Recommendation within fourteen days.

From prison on May 1, 2017, Jackson timely submitted his pro se objections to be transmitted to the District Court, but they were not docketed until May 8, 2017. On May 3, 2017, the District Court entered an order (the "First Order") adopting the Report and Recommendation, denying the § 2255 motion, and declining to grant a certificate of appealability. On July 14, 2017, Jackson mailed his request for a certificate of appealability, which we construed as a notice of appeal.[1] On October 20, 2017, the District Court responded to Jackson's objections to the Report and Recommendation by

---

[1] Jackson contends that he filed an earlier notice of appeal, but he concedes that there is no evidence that we ever received or docketed it. *See* Appellant's Br. at 13. And while he claims that a search of the prison mail log would support his contention, *see id.*, he does not explain why an evidentiary hearing is necessary for him to conduct this search.

entering a second order (the "Second Order") that again adopted the Report and Recommendation and denied Jackson's § 2255 motion.

## II[2]

We must first decide whether we have jurisdiction to consider Jackson's appeal. Because a § 2255 motion is considered a civil remedy, *see United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003), whether Jackson's appeal was timely filed is a jurisdictional question, *see Bowles v. Russell*, 551 U.S. 205, 209–11 (2007). A notice of appeal in a civil action in which the United States is a party is timely when it is filed within 60 days of the entry of an appealable order or a final judgment. Fed. R. App. P. 4(a)(1)(B).

In the First Order, the District Court adopted the Report and Recommendation and denied Jackson's § 2255 motion. The First Order was final because it "end[ed] the litigation on the merits and [left] nothing for the court to do but execute the judgment." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *cf. Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 266 (1978) ("Respondent's failure to assert the need for an evidentiary hearing . . . *did not . . . render* the [d]istrict [c]ourt order *nonfinal*." (emphasis added)). And Jackson conceded as much. *See* Appellant's Br. at 24 ("Here, the District Court's first order denied habeas relief on May 3, 2017, and, therefore, that order *had the finality required* under *FirsTier*

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 2255. "We have jurisdiction to review our own jurisdiction when it is in doubt[.]" *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 222 (3d Cir. 2007) (citing *Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995)).

*Mortgage.*" (emphasis added)). The record shows that Jackson delivered his request for a certificate of appealability—which we construed as his notice of appeal—to prison authorities for mailing more than sixty days later, on July 14, 2017. Because Jackson missed the sixty-day deadline to appeal, we lack jurisdiction over his appeal.

Jacksons raises two alternative theories under which we might exercise jurisdiction. First, he contends that his objections to the Report and Recommendation should be construed as a motion to amend the District Court's judgment under Federal Rule of Civil Procedure 59(e). Second, he asserts that Jackson's notice of appeal "ripened" when the District Court entered the Second Order. We are unpersuaded and still conclude that we lack jurisdiction.

**A**

Jackson first tries to save his untimely appeal by inviting us to construe his objections to the Report and Recommendation as a motion to amend the judgment under Rule 59(e). If we interpret Jackson's objections as a Rule 59(e) motion, then the deadline to file his appeal would have been tolled *until* the District Court resolved the motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i). According to Jackson, construing his objections as a Rule 59(e) motion would render his notice of appeal timely because the deadline for his notice would have been tolled until the District Court entered the Second Order in October 2017.

We decline Jackson's invitation to construe his objections to the Report and Recommendation as a Rule 59(e) motion. At the outset, we observe that objections to a report and recommendation and a Rule 59(e) motion are fundamentally different.

5

Objections respond to a magistrate judge's recommendation to a district court on how to resolve a dispositive motion. *See* Fed. R. Civ. P. 72(b)(2) (governing objections filed to recommendations made by magistrate judges on dispositive motions); *cf. Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). Relevant here, a magistrate judge reviewing "applications for posttrial relief made by individuals convicted of criminal offenses" is authorized by statute to provide only *recommendations* to a district court. 28 U.S.C. § 636(b)(1)(B) ("a [district] judge may also designate a magistrate judge . . . to submit . . . proposed findings of fact and recommendations for the disposition, by a judge of the court[ ]"). The plain meaning of § 636(b)(1)(B) permits a magistrate judge to make a recommendation on an application for post-conviction relief—not rule on an application outright.

By contrast, Rule 59(e) motions respond to judgments entered by district courts. *Cf. In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) *as amended* (Jan. 25, 2017). This is confirmed by the plain text of Rule 59(e), which explicitly contemplates "alter[ing] or amend[ing] a *judgment*." Fed. R. Civ. P. 59(e) (emphasis added). We have also said that "[a] motion under Rule 59(e) is a device to relitigate the original issue *decided by the district court*, and used to allege legal error." *Fiorelli*, 337 F.3d at 288 (emphasis added) (internal quotation marks and citation omitted).

In short, objections and Rule 59(e) motions differ because they respond to different statements by courts: objections respond to magistrate judges' recommendations

to district courts, while Rule 59(e) motions respond to final decisions by district courts. *Compare City of Long Branch*, 866 F.3d at 99–100, *with Fiorelli*, 337 F.3d at 288.

Here, Jackson filed objections to the Report and Recommendation. He titled his filing as "Petitioner's Objections to the Report and Recommendation," JA234, and, in that filing, he "respectfully object[ed] to the [Report and Recommendation] filed by [the] Magistrate Judge . . . and urge[d] *the District Court* to independently review the grounds raised by [him]." JA239 (emphasis added). In form and substance, Jackson's filing raised objections to the Report and Recommendation but did not purport to challenge any judgment of the District Court. Because we construe a pro se motion based on its "function . . . and not the caption," *see Fiorelli*, 337 F.3d at 288, we must read Jackson's objections as just that: objections to the Report and Recommendation.

And perhaps more importantly, we will not read Jackson's objections as a Rule 59(e) motion because doing so would imply that the Magistrate Judge could have resolved an application for post-conviction relief. If Jackson's objections were considered a Rule 59(e) motion, then we would be treating the Magistrate Judge's Report and Recommendation as a final judgment. But by statute, magistrate judges are not authorized to enter final judgments on applications for post-conviction relief; they are permitted only to recommend outcomes to district courts. *See* § 636(b)(1)(B). We decline to defy the plain meaning of a validly enacted statute by construing Jackson's objections as a Rule 59(e) motion.

Lastly, as a matter of temporal logic, a Rule 59(e) motion may not be submitted *before* a district court has announced its decision. In other words, Jackson could not have

7

filed a Rule 59(e) motion until after the District Court announced the First Order. But here, Jackson submitted his objections to the Report and Recommendation before the District Court announced or entered the First Order. We will not construe his objections to the Report and Recommendation as a motion to amend a then-yet-to-be-announced order. *Cf. United States v. Hashagen*, 816 F.2d 899, 904 (3d Cir. 1987) ("[I]t hardly would do to permit a party to file a general notice of appeal at the start of the action as a precaution . . . .").

In sum, we will not indulge Jackson's request to construe his objections to the Report and Recommendation as a Rule 59(e) motion to amend a then-unannounced order.[3]

**B**

Next, Jackson argues that his request for a certificate of appealability—which we construed as a notice of appeal—"ripened" after the District Court entered the Second Order. Under this theory, Jackson's notice of appeal was premature because the Second Order was issued *after* he filed it. To support his argument, Jackson relies on two cases— *FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.*, 498 U.S. 269 (1991), and *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581 (3d Cir. 1999).

---

[3] Jackson insists that *Fiorelli* requires us to construe his objections as a Rule 59(e) motion. Jackson is wrong. There, we construed a Rule 60(b) motion as a Rule 59(e) motion. *See Fiorelli*, 337 F.3d at 287–88. In doing so, we observed that "motions for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) serve similar functions[.]" *Id.* at 288. Here, as we explained above, Rule 59(e) motions and objections to magistrate judges' recommendations do not serve similar functions. Thus, *Fiorelli* does not control.

We are unpersuaded that either *FirsTier* or *Lazy Oil* supports Jackson's argument. In *FirsTier*, the appellant filed a notice of appeal after the district court issued a bench ruling but before it entered judgment. 498 U.S. at 272. Because the bench ruling constitued a "final decision" for purposes of the Federal Rules of Appellate Procedure, the appellant acted reasonably by filing its notice of appeal after the bench ruling but before the judgment was entered. *Id.* at 277. Here, the First Order was a *final appealable order*. *See Quackenbush*, 517 U.S. at 712. Jackson filed his appeal from that final order beyond the deadlines in Rule 4(a)(1)(B). In short, Jackson's appeal was not premature—it was late. *FirsTier* is therefore distinguishable from Jackson's appeal.

*Lazy Oil* also provides little support to Jackson's argument. *Lazy Oil* is one of several cases that stand for the proposition that under certain circumstances, "a premature notice of appeal, filed after disposition of *some* of the claims before a district court, *but before entry of final judgment*, will ripen upon the [district] court's disposal of the remaining claims." 166 F.3d at 585 (emphasis added) (citing *Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 184–85 (3d Cir. 1983)). But here, the District Court's First Order resolved all of Jackson's claims. In the First Order, the District Court adopted the Report and Recommendation, denied Jackson's § 2255 motion in its entirety, and declined to issue a certificate of appealability. And Jackson conceded that the First Order is a final one. *See* Appellant's Br. at 24. Thus, *Lazy Oil* is also distinguishable from Jackson's case.

Accordingly, we reject Jackson's argument that his untimely notice of appeal "ripened" upon the District Court's entry of the Second Order.

\*   \*   \*

Jackson did not file a timely notice of appeal, so we will dismiss for lack of jurisdiction.