**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2403
_____

HOWARD P. BROBST,
individually and as officer of H.C. & S Enterprises,
Inc., and for the Estate of Carol L. Brobst,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-15-cv-01468)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016

Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 8, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Howard P. Brobst appeals the dismissal of his Complaint based on a Federal Rule of Civil Procedure 12(b)(1) motion for lack of subject matter jurisdiction. We will affirm.

## I.

Brobst's Complaint alleged at its core that the disposition of his bankruptcy proceedings in the 1990s had been procured by fraud, and that the presiding Bankruptcy Judge and other agents of the federal judiciary and executive departments perpetrated that fraud. Through a business he owned, Brobst had personally guaranteed the mortgage on a property that suffered severe storm damage, resulting in acrimonious relationships between him, his insurance company, and his bank. Brobst and the business filed for bankruptcies. In the midst of the bankruptcy proceedings, Brobst alleged that his own counsel entered into fraudulent stipulations with his creditors as part of a conspiratorial cabal arrayed against Brobst's own interests. Brobst alleges that he informed the presiding bankruptcy judge, Judge Twardowski, of the supposed fraud, but that Judge Twardowski failed to act and that this, in turn, constituted a "fraud upon the court." The bankruptcies were discharged in 2000. On July 29, 2015, Brobst filed suit against the United States of America seeking damages and "a ruling that the United States perpetrated a fraud upon the Court." Compl. at 25.

The United States filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Magistrate Judge issued a Report and Recommendation concluding that the District Court lacked subject matter jurisdiction over Brobst's claim because it was barred by sovereign immunity. Brobst objected and moved for the appointment of

counsel.  The District Court adopted the Report and Recommendation and denied the motion for appointment of counsel on the ground that the court did not have jurisdiction to hear the case.  Brobst now appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We engage in plenary review of the District Court's dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  Solis v. Local 234, Transp. Workers Union, 585 F.3d 172, 176 (3d Cir. 2009).  We review a district court's denial of counsel to an indigent civil litigant for abuse of discretion.  See, e.g., Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).  We can affirm on any ground supported by the record.  Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

Having carefully reviewed the record on appeal, we agree with the District Court's conclusion that appellant's claims as presented are barred by the doctrine of sovereign immunity.   Here, the only named defendant is the United States of America.  It is well-settled that the United States has sovereign immunity except where it consents to be sued.  See United States v. Mitchell, 463 U.S. 206, 212 (1983).  The District Court properly concluded, therefore, that it did not have subject-matter jurisdiction to hear Brobst's claims against the United States.[1]

---

[1] The Federal Tort Claims Act is of no assistance to Brobst because claims arising out of "misrepresentation [or] deceit" are specifically exempted from the FTCA's waiver of sovereign immunity.  28 U.S.C. § 2680(h).  Accordingly, Brobst's "fraud on the court" claims would fall squarely within this carveout to the FTCA.

Because this lack of jurisdiction deprived the court of its "very power to hear the case," Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006), the District Court did not abuse its discretion in declining to appoint counsel to represent Brobst, Montgomery, 294 F.3d at 499. Brobst now argues that the District Court should have granted his motion for the appointment of counsel so that he could have amended his complaint to name "executives or officials in the government as a proxy for the government itself, thereby giving the court subject-matter jurisdiction." Appellant's Br. at 3-4. The United States contends that Brobst has waived this argument by not raising it in the District Court.

In the context of a Fed. R. Civ. P. 12(b)(6) motion, we have instructed that, "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, the District Court was silent on amendment. While we have not spoken to this issue directly in the context of a Rule 12(b)(1) motion, the District Court's silence is of no moment because amendment would nonetheless have been futile, for two reasons. First, the only proper defendant in an FTCA action is the United States and so Brobst could not seek to take advantage of any of its provisions with individual defendants. Second, the Complaint contains no allegations that would support claims of a constitutional tort against new individual defendants. See generally Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Accordingly, it was not an abuse of discretion for the

4

District Court to decline to give Brobst leave to amend his complaint or to appoint counsel for the purpose of filing a futile amended complaint.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.