**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2829
_____

HOWARD P. BROBST,
                                        Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
DIRECTOR FEDERAL BUREAU OF INVESTIGATION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-00505)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2020
Before:  SHWARTZ, RESTREPO, and NYGAARD, Circuit Judges

(Opinion filed: April 7, 2020)
_____

OPINION*
_____

PER CURIAM

        Howard P. Brobst appeals from the order of the District Court dismissing his

complaint.  We will affirm.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Brobst filed a previous complaint against the United States seeking damages and other relief on the basis of fraud allegedly committed during his and his company's Chapter 11 bankruptcies in the 1990s. The District Court dismissed his complaint, and we affirmed. See Brobst v. United States, 659 F. App'x 135 (3d Cir. 2016).

About a year and a half later, Brobst filed pro se the complaint at issue here. He styled it as a petition for a writ of mandamus, and he named as defendants the Attorney General of the United States, the United States Department of Justice, and the Director of the Federal Bureau of Investigation. Brobst repeated his allegations of bankruptcy fraud, which he claimed constituted crimes as defined in 18 U.S.C. §§ 241 and 242. He also claimed that he reported these alleged crimes to defendants but that defendants have not investigated them or prosecuted those allegedly responsible. The only relief he sought was an order directing them to do so.

A Magistrate Judge granted Brobst leave to proceed in form pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and concluded that it was subject to dismissal for failure to state a claim because Brobst had no right to compel a criminal investigation or prosecution. The Magistrate Judge also gave Brobst leave to amend his complaint. Brobst did not amend his complaint and instead responded with three motions for appointment of counsel, each of which the Magistrate Judge denied. The Magistrate Judge ultimately issued a report recommending that the District Court dismiss Brobst's complaint for failure to state a claim under § 1915(e)(2)(B)(ii) for the reasons the Magistrate Judge previously explained. Brobst did not object, and the District Court

2

adopted the Magistrate Judge's recommendation and dismissed Brobst's complaint.

Brobst appeals.[1]

## II.

We will affirm substantially for the reasons explained by the Magistrate Judge. The only relief that Brobst sought was an order in the nature of a writ of mandamus requiring defendants to investigate his allegations of bankruptcy fraud and to criminally prosecute those allegedly responsible. Mandamus is an extraordinary remedy that is available only when, inter alia, the defendant owes the plaintiff "a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984).

As the Magistrate Judge explained, mandamus is not available here because defendants do not owe Brobst a clear nondiscretionary duty to investigate or prosecute these alleged crimes. See, e.g., Jafree v. Barber, 689 F.2d 640, 643 (7th Cir. 1982) (per curiam) (affirming dismissal of complaint styled as a mandamus petition seeking an order directing the FBI to investigate crimes because "[i]nitiation of a criminal investigation by the F.B.I. is clearly a discretionary act"); Inmates of Attica Corr. Facility v. Rockefeller,

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We generally review de novo the dismissal of a complaint for failure to state a claim. See Fantone v. Latini, 780 F.3d 184, 186 (3d Cir. 2015); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We do so in this case even though Brobst did not object to the Magistrate Judge's recommendation because the Magistrate Judge's report (ECF No. 14) did not warn Brobst that his failure to object could subject him to plain-error review. See EEOC v. City of Long Branch, 866 F.3d 93, 99-100 (3d Cir. 2017) (citing, inter alia, Leyva v. Williams, 504 F.3d 357, 363-64 (3d Cir. 2007)). In addition to dismissing Brobst's complaint for failure to state a claim, the District Court opined that the complaint also was subject to dismissal for failure to prosecute because Brobst did not file an amended complaint as ordered by the Magistrate Judge. We need not address that point because the District Court properly dismissed Brobst's complaint for failure to state a claim as discussed herein.

477 F.2d 375, 379 (2d Cir. 1973) (affirming dismissal of complaint seeking mandamus relief to compel United States Attorney to prosecute alleged violations of 18 U.S.C. §§ 241 and 242 and noting that federal courts have "uniformly" rejected challenges to "discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made").

We briefly address two other points. First, Brobst challenges the Magistrate Judge's denial of his motions for appointment of counsel. Brobst did not seek District Court review of those rulings in the first instance, so we ordinarily might deem this challenge waived. See United Steelworkers of Am. v. N.J. Zinc. Co., 828 F.2d 1001, 1007-08 (3d Cir. 1987). In this case, however, the Magistrate Judge did not advise Brobst (who was proceeding pro se) of his ability to seek District Court review. See Siers v. Morrash, 700 F.2d 113, 116 & n.11 (3d Cir. 1983). Brobst's third motion for appointment of counsel also could be construed at least in part as an appeal to the District Court.[2] Under these circumstances, we will review the Magistrate Judge's denial of Brobst's motions for appointment of counsel. Having done so, however, we discern no reversible error because Brobst's complaint did not present any arguably meritorious issue as discussed above. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Second, in his notice of appeal and opening brief, Brobst asserts without elaboration that on "October 7, 2018 Appellant suffered a stroke and was unable to

---

[2] When the Magistrate Judge denied Brobst's first motion for counsel, he immediately responded with a second and, when the Magistrate Judge denied that motion too, Brobst immediately responded with a third. Brobst titled his third motion in part as a "response to court order denying second motion to appoint counsel." (ECF No. 12.)

4

respond to additional court notices." Brobst does not appear to have brought this unfortunate circumstance to the District Court's attention. He also does not argue that this circumstance prejudiced his ability to proceed with this action or entitles him to any relief on appeal, and we conclude that it does not.

The Magistrate Judge initially gave Brobst until August 23, 2018, to amend his complaint but then sua sponte extended the deadline until September 6, 2018. Brobst alleges that he suffered a stroke a month after that. The Magistrate Judge then did not issue his report until March 14, 2019. Brobst provides no details regarding his health at that time and does not argue that he was unable to file objections. Even if he was, however, he now has filed both an opening brief and a reply brief on appeal and we have reviewed the dismissal of his complaint de novo as noted above. Thus, Brobst's assertion in this regard does not state any basis for relief on appeal.

### III.

For these reasons, we will affirm the judgment of the District Court.