**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2514
_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Appellant

v.

CITY OF LONG BRANCH

_____

On Appeal from the United States District Court for the
District of New Jersey
(D. N.J. No. 3-15-cv-01081)
District Judge:  Honorable Michael A. Shipp

_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 15, 2016

Before:  AMBRO, CHAGARES, and FUENTES, <u>Circuit
Judges</u>.

(Filed: August 2, 2017)

Jeremy D. Horowitz
U.S. Equal Employment Opportunity Commission
Office of General Counsel
131 M. St., N.E., Room 5SW24J
Washington, D.C. 20507
        *Counsel for Appellant*

Emery J. Mishky
Margolis Edelstein
400 Connell Drive, Suite 5400
Berkeley Heights, N.J. 07922
        *Counsel for Appellee*

————————

OPINION

————————


CHAGARES, Circuit Judge.

The Equal Employment Opportunity Commission ("EEOC") filed a subpoena enforcement action against the City of Long Branch in furtherance of its efforts to obtain documents pertaining to a charge of discrimination. A Magistrate Judge issued an order to enforce the subpoena, in part, and the EEOC appealed the order to the District Court. The District Court affirmed the Magistrate Judge's order. Before us is the EEOC's appeal from the District Court's order.

The EEOC raises two substantive issues on appeal, the first regarding the exhaustion of administrative remedies and

the second regarding the disclosure to the charging party of other employees' disciplinary and related records. However, our review of the record reveals a significant procedural defect pertaining to the treatment of the motion to enforce under the Federal Magistrates Act. This error, in light of the facts of this case, precludes us from reaching the merits of the EEOC's arguments. For the reasons that follow, we will vacate the order of the District Court and remand.

I.

On or about February 7, 2013, Lieutenant Lyndon Johnson ("Lt. Johnson") of the Long Branch Police Department filed a charge of discrimination with the EEOC against the City of Long Branch ("Long Branch"). Lt. Johnson is an African-American man. He charged that his employer discriminated against him on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), by subjecting him "to different and harsher disciplinary measures than similarly situated white colleagues who committed the same or similar . . . infractions." Appendix ("App.") 32. On August 19, 2013, the EEOC served Long Branch with a notice to charge. On December 30, 2013, the EEOC requested "all disciplinary records" for Lt. Johnson and six Caucasian comparator officers. App. 19, 33. Long Branch responded by letter to the EEOC that it was preparing the requested materials but that it would not produce the materials unless the EEOC executed a confidentiality agreement wherein it would agree to not reveal "confidential" materials, including the personnel files of the comparators, to anyone, including Lt. Johnson. App. 54. The EEOC refused to execute such an agreement.

The EEOC served a subpoena on Long Branch by email and certified mail on July 23, 2014. The subpoena requested "a copy of any and all documents which refer to or address the disciplinary records" for Lt. Johnson and the six comparators. App. 63. Long Branch, in response, sent the EEOC a document titled "Notice of Motion to Quash Subpoena." App. 68. The document had a caption for the Superior Court of New Jersey Department of Law and Public Safety Division on Civil Rights. The EEOC received this document on August 7, 2014. The notice reiterated Long Branch's position that it would not disclose the requested documents without an executed confidentiality agreement. The document reads, in part:

> 7. The subpoena seeks confidential disciplinary records of various Officers, who have no involvement in the claimant's matter, and this is contrary to the Policy and Procedures of Internal Affairs which has strict requirements for release of such records.
> 8. As previously stated, the respondent is not in privy to disclose the subpoenaed records unless EEOC meets the criteria as set-forth in the Policy and Procedures, or in the alternative, guarantee[s] Confidential[ity] of these records.
> 9. Accordingly, the respondent object[s] to the subpoena of these disciplinary records and seek[s] to quash the subpoena.

App. 72.

Section 1601.16(b) of Title 29 of the Code of Federal Regulations requires that a person or entity intending not to

comply with an EEOC subpoena submit a petition to modify or revoke the subpoena to the EEOC's Director or General Counsel within five days after service. 29 C.F.R. § 1601.16(b)(1). Long Branch never submitted such a petition.

On February 10, 2015, the EEOC filed a motion in federal district court seeking enforcement of its subpoena. The EEOC argued that because Long Branch failed to exhaust its administrative remedies by filing a timely petition to revoke or modify, it waived its right to object to the subpoena. In addition, the EEOC argued that even if Long Branch were not precluded from contesting the subpoena, its refusal to turn over the subpoenaed materials was improper.

A federal Magistrate Judge issued an order enforcing the subpoena, in part. The Magistrate Judge acknowledged the EEOC's exhaustion argument but did not consider whether the statute and regulations established an exhaustion requirement. Citing the EEOC's brief, the Magistrate Judge simply observed that "[h]ere, Respondent failed to file a timely petition to revoke or modify the EEOC subpoena in accordance with regulations, and instead remained steadfast in its refusal to produce the records." App. 12. The Magistrate Judge then compelled Long Branch to provide the requested documents, but required the EEOC to avoid disclosure of the comparators' employment and personnel records to Lt. Johnson, reasoning that under EEOC v. Associated Dry Goods Corp., 449 U.S. 590 (1981), disclosure of the comparators' records to Lt. Johnson would be improper.

The EEOC appealed the Magistrate Judge's order to the District Court, requesting that the District Court "reverse

5

that part of the Order . . . that restricts EEOC's ability to disclose records obtain[ed] during its investigation to the charging party or his counsel." App. 108. The EEOC did not object to the part of the Magistrate Judge's order referencing exhaustion, and the District Court did not address the issue. The District Court affirmed the Magistrate Judge's order that Long Branch turn over the comparators' employment and personnel records and that the EEOC not disclose those files to Lt. Johnson. Like the Magistrate Judge, the District Court relied on Associated Dry Goods, holding that "'[w]ith respect to all files other than his own, [the charging party] is a stranger.' Accordingly, the Order's restriction on the disclosure of the comparator's personnel and employment records was not contrary to law." App. 8 (alterations in original) (citation omitted) (quoting Assoc. Dry Goods, 449 U.S. at 603). The EEOC timely appealed.

II.

The District Court had jurisdiction pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 2000e-9 and 29 U.S.C. § 161(2). We have jurisdiction pursuant to 28 U.S.C. § 1291.

We apply an abuse of discretion standard when reviewing a district court's decision to enforce an administrative subpoena. McLane Co. v. EEOC, 137 S. Ct. 1159, 1170 (2017), as revised, (Apr. 3, 2017). "Abuse of discretion occurs when 'the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" Chao v. Cmty. Tr. Co., 474 F.3d 75, 79 (3d Cir. 2007) (quoting NLRB v. Frazier, 966 F.2d 812, 815 (3d Cir. 1992)).

6

III.

The EEOC raises two issues on appeal: (1) whether Long Branch is precluded from contesting the motion to enforce because it failed to exhaust its administrative remedies (hereinafter, the "exhaustion issue"), and (2) whether the EEOC may disclose information from the non-charging parties' employment and personnel records to Lt. Johnson (hereinafter, the "disclosure issue"). Despite the compelling nature of these issues, we will not reach them because of a procedural error committed by the District Court: the District Court erroneously treated the motion to enforce that the Magistrate Judge had reviewed as a nondispositive motion instead of a dispositive motion. This is a meaningful distinction under the Federal Magistrates Act, 28 U.S.C. § 631, et seq., as the categorization of motion dictates, inter alia, the level of authority with which a magistrate judge may act on a motion and the availability and standard of review afforded by the District Court and our Court. We will first review the differing treatment of nondispositive and dispositive motions under the Act and as developed by our jurisprudence. We will then turn to the facts of the instant case.

A.

The office of magistrate judge was created by the Federal Magistrates Act, 28 U.S.C. § 631, et seq. (the "Act") to "relieve courts of unnecessary work and to improve access to the courts." Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998) (quoting Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)). In this Circuit, magistrate judges are highly valued and are vital to

7

the just and efficient resolution of cases filed in the federal courts. See Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932, 1938–39 (2015) ("[I]t is no exaggeration to say that without the distinguished service of [magistrate and bankruptcy judges], the work of the federal court system would grind nearly to a halt."); Peretz v. United States, 501 U.S. 923, 928 (1991) ("Given the bloated dockets that district courts have now come to expect as ordinary, the role of the magistrate in today's federal judicial system is nothing less than indispensable." (quoting Gov't of the V.I. v. Williams, 892 F.2d 305, 308 (3d Cir. 1989))).

In furtherance of this purpose, the Act authorizes district court judges to delegate certain matters to magistrate judges. See 28 U.S.C. § 636. Because magistrate judges are not Article III judges, the Act carefully delineates the types of matters that may be referred to magistrate judges, so as to ensure that "the essential attributes of the judicial power" remain in Article III tribunals, N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 77 (1982) (quoting Crowell v. Benson, 285 U.S. 22, 51 (1932)). See Frazier, 966 F.2d at 816. Relevant here, the Act authorizes district courts to refer nondispositive and dispositive motions to magistrate judges. Unlike a nondispositive motion (such as a discovery motion), a motion is dispositive if a decision on the motion would effectively determine a claim or defense of a party. See Fed. R. Civ. P. 72(a), (b)(1); see also In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998) (holding that a motion to remand is dispositive because "it preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute"); Cont'l Cas. Co., 150 F.3d at 251 (treating a motion as nondispositive because it "did not dispose of the lawsuit or a claim").

1.

A district court may refer a nondispositive motion to a magistrate judge "to hear and determine," under subparagraph (A) of § 636(b)(1). 28 U.S.C. § 636(b)(1)(A).[1] Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A). This standard requires the District Court to review findings of fact for clear error and

---

[1] Subparagraph (A) provides, in pertinent part:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A).

to review matters of law <u>de novo</u>.  <u>Haines v. Liggett Grp. Inc.</u>, 975 F.2d 81, 91 (3d Cir. 1992).

If no party objects to the magistrate judge's order regarding a nondispositive matter, the magistrate judge's order becomes binding "unless the district court takes some action to overrule it."  <u>See</u> <u>United Steelworkers of Am. v. N.J. Zinc Co.</u>, 828 F.2d 1001, 1005 (3d Cir. 1987).  "[A] party's failure to object to a magistrate's ruling waives the party's objection."  <u>Id.</u> at 1006.

2.

Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition."  28 U.S.C. § 636(b)(1)(B).[2]  The product of a

---

[2] Subparagraph (B) provides:

> [A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B) (footnote omitted).

10

magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." Parties "may serve and file specific written objections to the proposed findings and recommendations" within 14 days of being served with a copy of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court. Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878–79 (3d Cir. 1987)). However, we have held that because a district court must take some action for a report and recommendation to become a final order and because "[t]he authority and the responsibility to make an informed, final determination . . . remains with the judge," Mathews v. Weber, 423 U.S. 261, 271 (1976), even absent objections to the report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d at 878. We have described this level of review as "reasoned consideration." Id. If a party fails to object timely to the magistrate judge's report and recommendation, we generally review the district court's order for plain error.[3] Brightwell v. Lehman, 637 F.3d 187,

_____

[3] We have observed that "plain error review is so disadvantageous to the losing party that magistrate judges would be well advised to caution litigants that they 'must

11

193 (3d Cir. 2011); <u>Nara</u>, 488 F.3d at 194. <u>But see</u> <u>Leyva v. Williams</u>, 504 F.3d 357, 363–64 (3d Cir. 2007) (applying <u>de novo</u> appellate review when a <u>pro se</u> litigant did not timely object to a magistrate judge's report and recommendation and the magistrate judge did not "warn[] that [the litigant's] failure to object to the Magistrate Judge's report would result in forfeiture of his rights"); <u>Henderson</u>, 812 F.2d at 878 n.4 ("[W]hen the district court elects to exercise its power to review a magistrate's report <u>de novo</u>, a party's previous failure to object becomes irrelevant.").

B.

We now turn to the facts of our case. As noted, the EEOC raises two interesting issues on appeal, one related to the exhaustion of administrative remedies and the second related to the disclosure of disciplinary and personnel records of a non-charging party to a charging party. We will not, however, reach the substance of either issue because the District Court erroneously treated the motion to enforce as a nondispositive matter, as opposed to a dispositive matter, contrary to our holding in <u>Frazier</u>. In <u>Frazier</u>, we held that because a proceeding to enforce an administrative subpoena "is over regardless of which way the court rules," a motion to enforce an administrative subpoena is a dispositive motion. 966 F.2d at 817–18. Accordingly, any assignment of the

---

seek review by the district court by filing [objections] within [14] days of the date of the [Report and Recommendation] with the Clerk of the district court and that failure to do so <u>will</u> waive the right to appeal.'" <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (alterations in original) (quoting <u>Siers v. Morrash</u>, 700 F.2d 113, 116 (3d Cir. 1983)).

motion by the District Court is governed by subparagraph (B), which requires the Magistrate Judge "to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636 (b)(1)(B). Had the motion been so assigned, the parties could have objected to the report and recommendation, in which case the District Court would have reviewed their objections de novo, or they could have been silent as to objections, in which case the District Court would have "give[n] some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson, 812 F.2d at 878.[4]

Here, the District Court's erroneous categorization of the motion is compounded by the fact that the EEOC raised the disclosure issue, but not the exhaustion issue, to the District Court.[5] As a result, the District Court, proceeding as

[4] The District Court docket does not indicate whether the motion to enforce was referred to the Magistrate Judge under § 636(b)(1)(A) or (B). However, the Magistrate Judge styled her ruling as an order, not a report and recommendation, and did not warn the parties about the consequences of failing to object. The order also directed the Clerk of the Court to "mark this case as closed," App. 14, and the Clerk of Court thereafter terminated the case.

[5] The EEOC raised the exhaustion issue to the Magistrate Judge and to our Court, but it did not raise the issue to the District Court by objecting to the Magistrate Judge's order. In contrast, the EEOC raised the disclosure issue to the Magistrate Judge, to the District Court (via objection to the Magistrate Judge's order), and to our Court.

13

if the motion had been referred to the Magistrate Judge as nondispositive under subparagraph (A) of the Act, applied the clearly erroneous or contrary to law standard to the objected-to disclosure issue and apparently did not review the unobjected-to exhaustion issue at all.

Because the District Court did not review the exhaustion issue, we will not consider it on appeal. The District Court was obligated under Henderson, 812 F.2d at 878, to review this issue even though it was not raised by the EEOC on appeal from the Magistrate Judge's order. In addition, we will not reach the disclosure issue because this issue will only be live if the District Court first concludes that Long Branch was not precluded from raising its defenses to the judicial enforcement of the subpoena. In light of the fact that we do not know how the District Court will rule on the exhaustion issue, we will not review the disclosure issue at this juncture.[6]

---

[6] While we do not definitively resolve the disclosure or exhaustion issues, we nevertheless will correct an unambiguous error of law in the framework employed by the District Court that has been briefed in this appeal and that, as a pure legal issue, would have been reviewed de novo regardless of the treatment of the enforcement motion as dispositive or nondispositive.

We believe that both the District Judge and Magistrate Judge misread the Supreme Court's opinion in Associated Dry Goods as holding that a charging employee may not see investigative information obtained by the EEOC from other employees' files. To the contrary, the Court in Associated Dry Goods held that an employee filing a charge with the EEOC is not a member of the "public" to whom disclosure is

Accordingly, we will vacate the order of the District Court and remand. The District Court may consider the motion to enforce in the first instance or it may treat the Magistrate Judge's order as a report and recommendation and allow the parties the opportunity to object. See Mitchell v. Valenzuela, 791 F.3d 1166, 1174 (9th Cir. 2015) (remanding to the district court to "undertake . . . de novo review as to whether [a stay and abeyance] was warranted at the time of the magistrate judge's order" and allowing the court to "consider the magistrate judge's order on the stay as a report and recommendation, in which case the court should afford the parties an opportunity to lodge objections"); Flam v. Flam, 788 F.3d 1043, 1048 (9th Cir. 2015) (remanding to the district court to consider a motion to remand in the first

---

prohibited. See Assoc. Dry Goods, 449 U.S. at 600–03. The limiting language upon which the District and Magistrate Judges relied refers to a situation in which multiple charging parties — such as multiple aggrieved employees — wish to obtain disclosure of evidence produced in each other's cases, not in their own. See id. at 603 (explaining that a charging party is not entitled to "know the content of any other employee's charge," such as when "other charging parties . . . have brought claims against the same employer" (emphasis added)).

Accordingly, should the District Court reach the disclosure issue on remand, it should both reconsider its reliance on Associated Dry Goods and, in determining whether limitations on disclosure are warranted, should utilize the framework for confidentiality orders that we articulated in EEOC v. Kronos, Inc., 620 F.3d 287 (3d Cir. 2010).

instance or to refer the motion to a magistrate judge for a report and recommendation).

IV.

For the reasons set forth above, we will vacate the order of the District Court and remand for proceedings consistent with this opinion.