**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3438
_____

MICHAEL ROBINSON,
                                          Appellant

v.

GEISINGER HOSPITAL; DONALD ZYCOSKI; DAWN FAUST;
NORTHUMBERLAND COUNTY; NORTHUMBERLAND COUNTY
BEHAVIORAL HEALTH; GEISINGER MEDICAL CENTER; ANTHONY
MATULEWICZ; DEGG STARK; MAUREEN TROUTMAN; DAVID FEINBERG;
SHAMOKIN POLICE DEPT; ROBERT SHLABY; SHAMOKIN CITY;
NORTHUMBERLAND COURT SYSTEM; NORTHUMBERLAND TAX OFFICE;
NORTHUMBERLAND BOARD OF ELECTIONS; NORTHUMBERLAND
CHILDREN AND YOUTH; NORTHUMBERLAND SPECIAL CONFLICTS;
NORTHUMBERLAND DA OFFICE; NORTHUMBERLAND MENTAL HEALTH;
NORTHUMBERLAND PUBLIC DEFENDERS; NORTHUMBERLAND
DOMESTICS; SARA RODOMSKI; STACEY RODOMSKI; BRITTANY RODOMSKI;
LAURA TROUTMAN; AQUA; MAYOR JOHN BROWN; JOHN BROWN, JR.;
COUNCILMAN RHODES; MARC LIEBERMAN; SAGE, COAL TOWNSHIP
POLICE OFFICER; WILLIE OLLIE MARTIN, SR.; DAN MCGRAW; GENEE
SHAFER; JOSEPH LESCHINSKI; VINCENT ROVITO; RICHARD BOZZA; NICOLE
BOZZA; RICHARD SLABY; BRUCE ROGERS; FRANK KONOPKA; OFFICER
PRIMERANO; SCOTT WEAVER, SHAMOKIN POLICE DEPARTMENT; CHIEF
TOBIAS; SHAMOKIN CITY COUNCIL; AMANDA MILLER,
NORTHUMBERLAND CHILDREN AND YOUTH; VINNY CLAUSI, EX COUNTY
COMM.; SCOTT ROUGHTON; MALOURI, SHAMOKIN POLICE DEPARTMENT;
SIKO, SHAMOKIN POLICE DEPARTMENT; JUDGE ROSINI; JUDGE DIEHL;
JUDGE JONES; JUDGE COLE; JUDGE WILLIAMS, JR.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-18-cv-00989)

District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2020
Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed:  May 22, 2020)
_____

OPINION[*]
_____

PER CURIAM

Michael Robinson appeals from the order of the District Court dismissing his complaint for failure to state a claim.  We will affirm.

I.

Robinson is a former candidate for mayor of Shamokin, Pennsylvania.  In this case, which is one of several related actions that he has filed,[1] Robinson filed suit under 42 U.S.C. § 1983 and state law against an entity he identified as Geisinger Hospital. Robinson alleged that a Geisinger employee improperly accessed his phone while he was involuntarily committed for psychiatric treatment.  Following various orders and additional filings, a Magistrate Judge ultimately allowed Robinson to file a Third

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] See M.D. Pa. Civ. Nos. 4-17-cv-1321, 4-17-cv-1322 & 4-17-cv-1416.  The District

2

Amended Complaint.

In that complaint, Robinson named over 60 defendants and alleged a wide-ranging conspiracy to harm him in retaliation for his mayoral candidacy, during which he claims to have uncovered evidence of criminal activity. Robinson alleged that defendants, inter alia, obtained his involuntary commitment, prosecuted him (successfully) for harassing his own lawyer and his mayoral opponent, refused to investigate his complaint that his opponent accused him of pedophilia, caused him to lose custody of his children, wrongfully ticketed his car for parking violations, and planned to murder him. Among the forms of relief he requested were the referral of criminal charges to state and federal Attorneys General and an order appointing Robinson as a "special RICO investigator/ attorney" to investigate defendants' alleged pension fraud and other matters.

The Magistrate Judge screened Robinson's complaint under 28 U.S.C. § 1915(e)(2)(B) and recommended that the District Court dismiss Robinson's federal claims for failure to state a claim and decline to exercise supplemental jurisdiction over his state-law claims. The Magistrate Judge also recommended that the District Court dismiss Robinson's federal claims with prejudice and without further leave to amend on the ground that further amendment would be futile. In addition, the Magistrate Judge recommended denying some 30 motions that Robinson had filed seeking restraining orders, the institution of criminal charges, and other forms of relief.

Court dismissed those actions, but Robinson did not appeal.

3

Robinson filed objections but did not raise any specific challenge to the Magistrate

Judge's analysis. Over those objections, the District Court adopted the Magistrate

Judge's recommendation, dismissed Robinson's complaint, and denied his pending

motions. Robinson appeals.[2]

II.

We will affirm largely for the reasons explained by the Magistrate Judge. In brief,

Robinson raised no specific allegations regarding most of the defendants and his largely

conclusory allegations against others fail to state a federal claim.

Robinson's only specific allegation that might conceivably have supported such a

claim is his allegation that a Municipal Court clerk "forged" a judge's signature on a

November 2018 warrant for non-payment of fines and that, as a result, the judge

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We typically review de novo the dismissal of a complaint for failure to state a claim. See Fantone v. Latini, 780 F.3d 184, 186 (3d Cir. 2015); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We do so in this case even though Robinson did not file meaningful objections to the Magistrate Judge's recommendation because the Magistrate Judge's report did not warn Robinson that his failure to object could subject him to plain-error review. See EEOC v. City of Long Branch, 866 F.3d 93, 99-100 (3d Cir. 2017) (citing, inter alia, Leyva v. Williams, 504 F.3d 357, 363-64 (3d Cir. 2007)). To state a claim, the complaint must contain "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face." Fantone, 780 F.3d at 193 (quotation marks omitted). We review for abuse of discretion the District Court's dismissal without leave to amend, see Shifflett v. Korszniak, 934 F.3d 356, 364 (3d Cir. 2019), and its decision not to exercise supplemental jurisdiction, see Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). In addition to filing his notice of appeal, Robinson filed with the District Court motions that could be construed as ones for reconsideration, which the District Court has denied. Those rulings are not before us because Robinson has not challenged them by filing a new or amended notice of appeal. See Fed. R. App. 4(a)(4)(B)(ii).

4

"vacated" the warrant. (ECF No. 59 at 7, 11.) As the Magistrate Judge explained, however, that allegation does not state a Fourth Amendment claim because Robinson does not allege that he was arrested or otherwise seized pursuant to that warrant. See Andrews v. Scuilli, 853 F.3d 690, 697 (3d Cir. 2017). Nor did Robinson allege sufficient detail regarding this incident, or any other, to state a plausible federal claim.

We also see no basis to disturb the District Court's conclusion that any further amendment of Robinson's complaint would have been futile. Robinson's numerous filings on appeal do not suggest otherwise and, to the contrary, tend to confirm that conclusion. Finally, because the District Court properly dismissed all claims over which it had original jurisdiction, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over Robinson's state-law claims. See Kach, 589 F.3d at 650 (citing, inter alia, 28 U.S.C. § 1367(c)(3)). In that regard, we construe the District Court's dismissal of those claims as one without prejudice. See id.

## III.

For these reasons, we will affirm the judgment of the District Court. The motion of appellees Geisinger Hospital, et al., for leave to file a reply is granted in part and denied in part.[3] All other pending motions are denied.

---

[3] These appellees seek leave to file a surreply in opposition to Robinson's document titled "brief-motion-order," in which he requests an order directing defendants not to contact him. Appellees do so in order to advise us that Robinson has sent them documents that could be deemed threatening, and they further request an order directing Robinson to "cease and desist such communications." The parties' filings do not reveal the need for

such relief at this time, and appellees' motion is denied to that extent. Appellees' motion is granted, however, to the extent that they seek leave to file their surreply.