**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2403

_____

PATRICK DAVIS,
                                        Appellant
v.

JANET PEARSON, Correctional Health Care Administrator; D. L. NAJI;
MICHELLE MCMULLEN; SUSAN L. MCQUILLEN, Sued in their Official and
Individual Capacities as State Actors under Color of Law Seeking
Damages for Violations

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-17-cv-00174)
Honorable Kim R. Gibson, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 7, 2021

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*

(Opinion filed: July 20, 2021)

_____

OPINION*

_____

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Patrick Davis, a Pennsylvania prisoner, filed a lawsuit in federal court alleging that prison staff violated his constitutional rights by denying him medical care. Pursuant to the Prison Litigation Reform Act (PLRA), *see* 28 U.S.C. § 1915A, Davis's *pro se*, handwritten complaint was initially screened by a Magistrate Judge who recommended that the District Court dismiss it with leave to amend for failure to state a claim. But Davis allegedly did not receive that recommendation and, consequently, never objected to the proposed dismissal. Some seventeen months later—after Davis informed the District Court that he had not received any update on his case since filing his complaint—the Court *sua sponte* dismissed the complaint with prejudice.

Davis now appeals, arguing that the complaint was not deficient in the first place and that, even if it were, the District Court erred by not giving him an opportunity to amend. Because we agree that Davis's complaint adequately stated a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights, we will vacate the District Court's dismissal.[1]

---

[1] We express our gratitude to Will W. Sachse and Rory Gledhill of Dechert LLP and Brennan J. Torregrossa of GlaxoSmithKline for accepting this matter *pro bono* and for providing advocacy of superb quality. Lawyers who act *pro bono* fulfill the highest service that members of the bar can offer to indigent parties and to the legal profession.

**A.     Discussion**[2]

According to the complaint, after Davis was stabbed by another inmate, he was treated at a University of Pittsburgh Medical Center hospital and was prescribed ongoing care in the form of a neck collar, a sling, and a referral to a neurosurgeon for a follow-up appointment. When he sought that care, however, the named Defendants allegedly ignored or denied his requests. The complaint describes the medical necessity of the care, the extensive grievance process Davis pursued to obtain it, and the prison's response. It also alleges that the prison's denial of care was "intentional[]," "deliberate[ly] indifferent," and caused "unnecessary, wanton infliction of pain and suffering." A11-12.

We analyze the sufficiency of these allegations under our familiar pleading standard. A complaint need only set forth "a short and plain statement of the claim" sufficient to provide a defendant "fair notice" of the claim and its factual underpinnings. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). We presume the truth of all factual allegations, setting aside "mere[ly] conclusory" legal statements, and ask whether the complaint sets forth enough to plausibly assert a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We have a special obligation to be "more forgiving of *pro se* litigants" and to construe uncounseled pleadings liberally lest we close the courthouse door to those lacking

---

[2] The District Court had jurisdiction over this civil rights action under 28 U.S.C. §§ 1331 and 1343(a)(3), and we have jurisdiction under 28 U.S.C. § 1291. We review Rule 12(b)(6) dismissals de novo, *Dooley v. Wetzel*, 957 F.3d 366, 373-74 (3d Cir. 2020), and consider the allegations in the complaint as well as any exhibits attached thereto, *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

formal legal education. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). This special obligation holds just as true for a *pro se* inmate's complaint as it does for those by other unrepresented litigants; the PLRA's screening mechanism does not permit courts to subject prisoners' pleadings to heightened scrutiny. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 544-45 (3d Cir. 2017) (cautioning courts against suggesting that claims by inmate litigants are somehow suspect or merit skepticism); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002) (holding that the PLRA did not alter preexisting standards for permitting amendment of deficient pleadings).

Here, seventeen months elapsed after the Magistrate Judge recommended dismissal with leave to amend without the District Court acting on the report. At that point, Davis wrote to the Clerk of the District Court, notifying that office that he had received no communication about his case for nearly a year and a half. The next day, the District Court dismissed the complaint with prejudice. It took that dramatic step without first ascertaining whether, as his letter indicated, Davis was unaware of the Magistrate Judge's report because he had "<u>not</u> received any mail" on his case since it was filed. A30 (emphasis in original). The record demonstrates only that the Court dismissed the complaint with prejudice the day after it received Davis's letter.

On inspection, however, Davis's complaint adequately pleaded a claim of deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. It alleges the specific medical care that Davis was prescribed after the stabbing; it attaches exhibits in which Davis explained that he was prescribed treatments by outside medical professionals, repeatedly requested those treatments, and documented the multiple delays

4

and rejections by prison officials; and it alleges that the responsible prison officials were aware of Davis's medical needs and deliberately denied him the prescribed care. In addition, incorporated into the complaint are the attached grievance filings, including a decision from the Pennsylvania Department of Corrections' appellate body that confirmed the need for Davis to be seen by a neurosurgeon fourteen months after he was stabbed.

In recommending dismissal, the Magistrate Judge focused not on these allegations but on two other elements of Davis's complaint. Neither justifies dismissal.[3]

First, addressing the complaint's allegations that Davis's untreated paralysis precluded him from participating in certain prison programs that provided heightened pay, the Magistrate held that Davis had no contractual right to receive that pay, which the prison offered only as a "carrot" to maintain discipline. A4. But the absence of a contractual right does nothing to detract from the adequacy of Davis's other allegations, nor does it foreclose the possibility that the reduced pay could have been pleaded as a measure of damages.

Second, the Magistrate Judge discounted the complaint's pleading of deliberate indifference as a bare "legal conclusion" insufficient to state a claim under *Iqbal*, 556 U.S. at 678. Davis's complaint, however, did much more than offer "[t]hreadbare recitals of the

---

[3] The District Court did not analyze the substance of the allegations and instead dismissed the complaint because Davis did not object to the Magistrate Judge's Report and Recommendation (R&R). While we ordinarily review dismissals where there is no timely objection to an R&R for plain error, *see E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017), we review de novo when "there is no indication that . . . a *pro se* litigant[] was ever warned that his failure to object to the Magistrate Judge's report would result in the forfeiture of his rights," *Leyva v. Williams*, 504 F.3d 357, 364 (3d Cir. 2007). Here, the only evidence in the record is that Davis never received the R&R, so *a fortiori* he was not warned about his need to object.

element[]," *id.*, of deliberate indifference: it specifically alleged Defendants' knowledge of his serious medical needs, described his repeated requests for the care he was prescribed, and attached exhibits showing that Defendant Pearson, the prison's medical director, reviewed Davis's requests and "ordered no soft collar or return appointment with [a] neurosurgeon." A18.

These concrete factual allegations, which we presume to be true at this stage, *Iqbal*, 556 U.S. at 678, form a sufficient basis to state the essential elements of a claim for deliberate indifference to Davis's serious medical needs. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Accordingly, the District Court erred in dismissing his § 1983 claim against the prison staff.[4]

## B. Conclusion

For the foregoing reasons, we will vacate the judgment of the District Court and remand for further proceedings consistent with this opinion.

---

[4] Because we conclude that the complaint was adequately pleaded at the outset, we need not address Davis's argument that the District Court erred by denying him an opportunity to amend.