**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1451
_____

PETER R. SEAMON,
                                                Appellant

v.

GOVERNOR JOSHUA D. SHAPIRO;
NANCY WALKER, Secretary of Labor & Industry;
PENNSYLVANIA DEPARTMENT OF LABOR & INDUSTRY;
MICHELLE A. HENRY, Attorney General;
JUDGE PATRICK J. CUMMINGS, individually and in his official capacity;
ALFONES FRIONI, individually and in his official capacity;
THOMAS P. CUMMINGS, JR., individually and in his official capacity;
JUDGE JOSEPH GRADY, individually and in his official capacity;
JULIA K. HEARTHWAY, individually and in her official capacity;
ERICK PREPUTNICK, individually and in his official capacity;
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN;
JAMES E. POCIUS; ROSS CORRAZZA; JENNIFER CALLAHAN;
PENN MILLERS INSURANCE CO, also known as Chubb Agribusiness;
MARCY MARRA; GENEX SERVICES INC, formerly and t/a/d/b/a Intracorp;
GERALD J. BUTLER; ELMER KENNETH ACKER;
PATRICK J. MCLAINE; MARGARET MCLAINE, also known as Peggy
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-00543)
District Judge:  Honorable Julia K. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 13, 2025
Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed: January 14, 2025)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Peter R. Seamon appeals from the District Court's dismissal of his civil rights complaint. We will affirm the District Court's judgment.

I.

Seamon's operative amended complaint alleges that more than 20 defendants have conspired together for decades to deprive him of adequate workers' compensation. In July 1996, the Pennsylvania Workers' Compensation Office of Adjudication awarded Seamon workers' compensation for injuries that he sustained while working for Acker Associates, Inc.

Much of the subsequent litigation history is unclear in the amended complaint. Defendant Workers' Compensation Judge Patrick Cummings presided over Seamon's case beginning in 2006.  Sometime in 2020, Seamon learned that Judge Cummings might have had personal ties with Acker Associates and one of its principals, Defendant Patrick McLaine.  Armed with conflict-of-interest allegations against Judge Cummings, Seamon filed a petition to modify or reinstate his workers' compensation benefits in February

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

2021. Seamon's 2021 petition was assigned to Defendant Workers' Compensation Judge Joseph Grady. Judge Grady allegedly deleted many of Seamon's electronically filed exhibits hours before a telephonic hearing was held on March 29, 2021, but it is unclear what impact this had on Judge Grady's review of Seamon's petition or on Seamon's efforts to appeal from that decision. Over Seamon's objections, Judge Grady determined at that hearing that Seamon's petition was untimely filed.

Meanwhile, throughout the litigation, Seamon sought help from various state employees who allegedly did not investigate his claims of workers' compensation fraud or who were not helpful enough in his Seamon's efforts to access or correct the court's certified records. Seamon additionally asserted claims against non-state actors, including opposing counsel, his former employers' insurer, and investigators or agents hired by the insurer.

Seamon filed his initial federal complaint on March 29, 2023, and he filed the operative amended complaint in January 2024. The amended complaint claimed that the defendants violated 42 U.S.C. §§ 1983 and 1985 by denying his Fourteenth Amendment right to due process and engaging in a civil conspiracy. It also raised claims of "honest services fraud," and supplemental claims under Pennsylvania state tort law. See id. at ¶¶ 90-92.

A Magistrate Judge screened Seamon's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommended that it be dismissed with prejudice. Seamon did not file objections to the Magistrate Judge's report, but he did move to recuse the assigned

3

District Judge based on alleged conflicts of interest. The District Court denied Seamon's

recusal motion, adopted the Magistrate Judge's report and recommendation, and

dismissed Seamon's complaint with prejudice. Seamon timely appealed, and he has

presented briefing.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and we exercise plenary

review over a district court's sua sponte dismissal of a complaint under 28 U.S.C. §

1915(e)(2). Dooley v. Wetzel, 957 F.3d 366, 373 & n.3 (3d Cir. 2020).[1] We review a

district court's denial of a motion to recuse herself for abuse of discretion. See Azubuko

v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). We may affirm the District Court's judgment

on any basis supported by the record. See Hildebrand v. Allegheny County, 757 F.3d 99,

104 (3d Cir. 2014).

## III.

Seamon argues on appeal that the District Judge erred in denying his recusal

motion. He alleged that the Honorable Julia K. Munley had personal and professional

connections to various defendants. The District Court's role in this case was very

limited: The District Judge appropriately conducted a narrow review of the Magistrate

---

[1] Seamon's failure to object to the Magistrate Judge's report and recommendations could limit our review to a review for plain error. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017). However, Seamon was not adequately notified that his failure to object could forfeit review of his issues on appeal, so we will apply our regular de novo standard of review. Cf. ECF No. 11 at 33-34; see also Leyva v. Williams, 504 F.3d 357, 363-64 (3d Cir. 2007); Siers v. Morrash, 700 F.2d 113, 116 (3d Cir. 1983).

Judge's report and recommendation for clear error or manifest injustice, because Seamon did not file objections to the report. We need not consider whether the District Judge erred in denying Seamon's recusal motion, because any possible error will be cured by our plenary review. See supra note 1; Bhatla v. U.S. Capital Corp., 990 F.2d 780, 788 n.10 (3d Cir. 1993).

IV.

A.

Seamon's pleadings primarily focus on a sweeping procedural due process claim. We need not decide whether the District Court erred in determining that his claim was barred by the statute of limitations against most defendants,[2] because Seamon has failed to state a procedural due process claim. In analyzing whether a plaintiff has plausibly alleged a procedural due process violation, the court must first "determine[] whether the plaintiff asserts an interest protected by the Fourteenth Amendment," and if so, it must consider "whether the procedures provided to the plaintiff afforded that individual due process of law." See Rechenski v. Williams, 622 F.3d 315, 325 (3d Cir. 2010). Seamon

_____

[2] It might not be clear from the complaint when Seamon's procedural due process claim accrued. See Zinermon v. Burch, 494 U.S. 113, 126 (1990) ("The constitutional violation actionable [in a procedural due process claim] under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."); Reed v. Goertz, 598 U.S. 230, 237 (2023) ("[T]he statute of limitations for a § 1983 procedural due process claim begins to run when the state litigation ends."); cf. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (implying that it is inappropriate to dismiss a claim based on the statute of limitations at the screening stage if it is not apparent on the face of the complaint that the claim is time-barred).

5

could have a property interest in his workers' compensation award that is protected under the Fourteenth Amendment. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 60-61 (1999). But he must plausibly allege that he is entitled to that benefit, and he did not do so here.

Despite Seamon's considerable efforts to describe a sweeping conspiracy to deprive him of workers' compensation, he does not explain why the termination of his workers' compensation was unlawful. State court records show that Worker's Compensation Judge Peleak terminated Seamon's workers' compensation in late 2005 because Seamon did not report for a court-ordered independent medical examination (IME). See Seamon v. W.C.A.B. (Acker Associates, Inc.), No. 2345 C.D. 2010, 2011 WL 10858440, at *4 (Pa. Commw. Ct. Sept. 22, 2011). Judge Cummings later denied Seamon's petition to reinstate his benefits, observing that Seamon had continued to refuse to attend an IME. See Seamon v. W.C.A.B. (Acker Associates, Inc.), No. 2375 C.D. 2009, 2009 WL 9104907 (Pa. Cmmw. Ct. July 20, 2009). In separate opinions affirming both Judge Peleak's and Judge Cumming's decisions, the Pennsylvania Commonwealth Court emphasized that all Seamon needed to do to reinstate his benefits was attend an IME. See Seamon, 2009 WL 9104907 at *4; Seamon, 2011 WL 10858440, at *4. Seamon's amended complaint does not address any of this—his amended complaint does not mention Judge Peleak or offer any basis for discrediting Judge

Peleak's initial decision to terminate Seamon's benefits.[3] Consequently, Seamon has not plausibly alleged that he remains entitled to a benefit that was terminated 18 years ago due to his own noncompliance with court orders.

Furthermore, Seamon has not plausibly alleged that he was not afforded adequate procedural safeguards to protect his interest in his workers' compensation. Even if the Workers' Compensation Court and Appeals Board proceedings involved decisionmakers who were biased against Seamon, the Commonwealth Court's thorough appellate review of Seamon's claims reflects that he was "provide[d] a neutral tribunal at the post-termination stage that [could] resolve charges of improper motives." See McDaniels v. Flick, 59 F.3d 446, 458-61 (3d Cir. 1995).[4]

The implausibility of Seamon's procedural due process claim is fatal to all of Seamon's allegations against Workers' Compensation Judges and Workers'

---

[3] According to the Commonwealth Court, Seamon conceded that he had not attended an IME. See Seamon, 2009 WL 9104907 at *4.

[4] It is not clear whether Seamon appealed to the Commonwealth Court after Judge Grady dismissed his petition, but if he did not avail himself of that remedy, that is fatal to his procedural due process claim involving the adjudication of his 2021 petition. See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).

7

Compensation Appeal Board members,[5] and Department of Labor defendants,[6] as well as any allegations involving opposing counsels' litigation activity.[7] Since Seamon has not plausibly alleged that he is entitled to his workers' compensation and that he was not afforded adequate procedural safeguards to protect that interest, it is unnecessary to consider whether Seamon has plausibly alleged that the defendants conspired to deprive him of workers' compensation.

B.

---

[5] In addition to Judge Grady and Judge Cummings, Seamon sued two defendants who might have handled his appeal: Workers' Compensation Appeal Board Commissioner Thomas P. Cummings, Jr., and Workers' Compensation Appeal Board Chairman Alfonse Frioni, Jr. Based on Seamon's allegations, all four defendants were acting in their judicial capacities to adjudicate Seamon's workers' compensation litigation. Therefore, all four defendants are entitled to an absolute judicial immunity, even if their actions or decisions were allegedly motivated by ill will against Seamon or personal connections to Seamon's former employers. See Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000).

[6] Seamon has alleged that in 2008, Eric Preputnick, an attorney working for the Pennsylvania Department of Labor or the Governor's Office of Chief Counsel, did not effectively assist him in obtaining a copy of the certified record from his workers' compensation litigation. Seamon also listed Nancy Walker (the Secretary of Labor and Industry), and the Pennsylvania Department of Labor and Industry as defendants. In addition to the above reasoning, Seamon's claims against Walker and the Department fail because (1) Seamon has not adequately alleged any personal involvement of or supervisory liability theory against Secretary Walker, and (2) the Pennsylvania Department of Labor and Industry is an arm of the state that is entitled to sovereign immunity under the Eleventh Amendment and is not subject to suit under § 1983. See Karns v. Shanahan, 879 F.3d 504, 519 (3d Cir. 2018).

[7] Specifically, this is fatal to Seamon's allegations that (1) Jennifer Callahan conspired with court actors to cease email communications after litigation ended, and (2) James Pocius and Ross Corrazza (or Carrozza) conspired with court actors to incorrectly reconstruct the certified record.

The District Court did not err in dismissing Seamon's remaining claims. First, Seamon's claim that defendants Governor Josh Shapiro and First Assistant Attorney general Juila K. Hearthway refused to investigate or prosecute his complaints of fraud or criminal activity is not cognizable as a § 1983 claim. Absent exceptions that do not apply here, a private citizen generally has no due process right to the enforcement of state criminal laws. See Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that a private citizen has no "judicially cognizable interest in the prosecution or nonprosecution of another").

Second, Seamon has no private right of action to pursue violations of the criminal statutes that penalize honest services fraud, 18 U.S.C. §§ 1341 & 1346.[8] See Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress"); Wisdom v. First Midwest Bank, 167 F.3d 402, 407-08 (8th Cir. 1999) (collecting cases and holding that § 1341 did not establish a private right of action).

Third, Seamon's vaguely pleaded civil conspiracy claims, which seem to serve as a catch-all for any remaining allegations, fail against all defendants not mentioned above. Seamon has not plausibly alleged a civil conspiracy claim under 42 U.S.C. § 1985(3), because he does not allege that any defendant was "motivated by a racial or class based

---

[8] Seamon did not cite a statute supporting his honest services fraud claim, but the Magistrate Judge appropriately construed it as a claim referring to the federal crime of honest services fraud, which is codified at 18 U.S.C. § 1346.

9

discriminatory animus" to deprive him of equal protection of the laws. <u>See</u> <u>Lake v. Arnold</u>, 112 F.3d 682, 685 (3d Cir. 1997). Seamon has not plausibly alleged a § 1983 civil conspiracy claim that is distinct from any of the claims addressed above, because none of the remaining allegations imply that any of the private-actor defendants "willfully participate[d] in a joint conspiracy with state officials to deprive [Seamon] of a constitutional right." <u>See</u> <u>Abbott v. Latshaw</u>, 164 F.3d 141, 147-48 (3d Cir. 1998). Specifically, Seamon has not alleged that Penn Millers Insurance Company, Marcy Marra, Genex Services, LLC, Gerald Butler, Elmer Kenneth Acker, Patrick McLaine, and Margaret McLaine "acted with the help of or in concert with state officials" or carried out any state actor's wishes by surveilling Seamon, falsifying evidence, or presenting false testimony. <u>See</u> <u>McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.</u>, 24 F.3d 519, 524 (3d Cir. 1994).

Finally, because Seamon did not plausibly allege any federal claims, there was no need for the District Court to exercise supplemental jurisdiction over his state tort claims.

V.

Consequently, we will affirm the District Court's judgment.