**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3150
_____

In the Matter of ELLA CARD,
An Incapacitated Person


KEN SWENSON; CINDY CARD; LADONNA CARD
Appellants

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-01288)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2025
Before:  HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: July 18, 2025)
_____

OPINION[*]
_____

PER CURIAM

 Ken Swenson, Cindy Card, and Ladonna Card (collectively, the "Appellants")

appeal pro se from the District Court's order awarding costs.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In 2021, the Appellants filed a complaint in the District Court challenging the guardianship proceedings that led to a New York state court's declaring Ella Card (the mother of Cindy and Ladonna Card) incapacitated. In their amended complaint, the Appellants raised dozens of claims against many defendants, including Bonnie Bernstein. The District Court, adopting the Magistrate Judge's report and recommendation, interpreted the Appellants' filing as a removal action, concluded that federal jurisdiction was lacking, and remanded the matter to state court. The District Court also determined that defendant Bernstein was entitled to costs, under 28 U.S.C. § 1447, and referred the matter to the Magistrate Judge both to calculate the costs due and to determine whether a filing injunction should issue. After the Magistrate Judge recommended an award of costs of $280.04 to Bernstein, the Appellants filed a notice of appeal. We dismissed that appeal for lack of jurisdiction.

The Magistrate Judge later recommended that a filing injunction should not issue. After reviewing the Appellants' objections, the District Court approved the Magistrate Judge's recommendations, determined that a filing injunction would not issue, and entered an award of costs of $280.04 to Bernstein. This appeal ensued.

II.

"The District Court had jurisdiction under 28 U.S.C. § 1441 to consider whether the matter was removable," and it properly "retained jurisdiction to award costs and fees under 28 U.S.C. § 1447(c)." League of Women Voters of Pa. v. Commonwealth of Pennsylvania, 921 F.3d 378, 382 n.3 (3d Cir. 2019). We have jurisdiction under 28

2

U.S.C. § 1291 to review the award.  Id.  Our review is for abuse of discretion.  Id.  "A district court abuses its discretion by basing its decision on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact."  Id. (cleaned up).

### III.

The Appellants' brief focuses on alleged issues in the underlying guardianship proceedings and on the Appellants' unsuccessful attempts to remove those proceedings to federal court.[1]  See Appellants' Br. at 13–20.  Thus, to the extent that their brief even mentions the award of costs under 28 U.S.C. § 1447, see Appellants' Br. at 13, 19, the Appellants have mostly raised irrelevant arguments regarding the underlying state court proceedings, rather than the removal proceedings that gave rise to the award at issue here.[2]  See generally League of Women Voters of Pa., 921 F.3d at 383 (discussing fees "incurred as a result of the removal") (cleaned up).

---

[1] We reiterate, as we previously concluded when we dismissed the Appellants' prior appeal, see Doc. No. 31 in C.A. No. 22-2329, that we lack jurisdiction to review the District Court's order remanding the action to state court here.  See 28 U.S.C. § 1447(d); Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 128 (3d Cir. 1998).

[2] The Appellants have also argued that the District Court failed to conduct de novo review of their objections to the Magistrate Judge's report and recommendation.  See Appellants' Br. at 16.  But we conclude that the District Court properly made "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Equal Emp. Opportunity Comm'n v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).  The District Court reviewed the objections, see ECF 84 at 5, explained that it was "considering Plaintiffs' objection" in reaching its conclusion on the costs awarded, id. at 8, and discussed the Appellants' specific objections to the award, id. at 9–10.  In conducting its review, the District Court explained that, as with the Appellants' briefing on appeal, they "assert no objection or arguments questioning the reasonableness, support, and documentation of Defendant Bernstein's costs," but rather raised irrelevant

3

That said, when reviewing a fee award in this context, we will look to whether there was an "objectively reasonable basis for seeking removal." Id. To the extent that the Appellants' arguments on appeal are an attempt to set forth such a basis, their arguments are meritless. This case represented the Appellants' third attempt to remove this action to federal court, the previous two cases were dismissed and remanded to state court for lack of subject matter jurisdiction, and this case asserted essentially the same grounds for removal. See id. Those grounds for removal were meritless, as the Appellants did not establish diversity jurisdiction, and they raised federal jurisdiction only as a defense. See Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353 (3d Cir. 1995) ("A federal defense to a plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal court."). We thus discern no abuse of discretion in the District Court's conclusion that an award of costs of $280.04 to Bernstein was reasonable.[3]

Accordingly, we will affirm.

---

arguments relating to the state court proceedings. See id. at 9. The District Court properly concluded that those objections provided no basis to upset the Magistrate Judge's recommendation to award $280.04 in costs to Bernstein.

[3] The Appellants have not challenged the amount of costs awarded. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (discussing forfeiture of claims that were not developed in the appellants' briefing).