**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3009
_____

LAVOND A. HILL,
                              Appellant

v.

JOHN E. WETZEL, Secretary of Corrections;
ROBERT GILMORE, Superintendent of SCI Greene;
MICHAEL ZAKEN; MARK DIALESANDRO; COIII. LT.  LEGGETT;
JELLOTS; MORRIS; DR. RAMIREZ; SCI GREENE C/O ROBERT HOLLOWOOD;
LISA FISCUS; GILL; MACEK; T. WERXMAN; SUTTON; JOHN DOE;
PUSHKALAI PILLAI; ALICIA BERGER;
BRITTINY CHIAVETTI; DUSTIN DREHER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-00960)
District Judge:  Honorable Stephanie L. Haines

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2022

Before: KRAUSE, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 7, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Lavond A. Hill, a Pennsylvania prisoner, appeals pro se from the District Court's dismissal of the civil rights suit that he brought against employees of the Pennsylvania Department of Corrections. We will vacate the District Court's judgment and remand for further proceedings consistent with this opinion.

Hill filed a civil rights complaint in Pennsylvania state court, naming as defendants Alicia Berger, a licensed nurse practitioner, and Pushkalai Pillai, a prison psychiatrist (the medical defendants), as well as Department of Corrections officials and staff (the DOC defendants). The medical defendants removed the case to the United States District Court for the Western District of Pennsylvania. Hill later filed an amended complaint, alleging, among other things, denial of medical care, inhumane conditions of confinement, use of excessive force, deprivation of due process, conspiracy, and state law claims. (ECF 44.) The medical defendants filed a motion to dismiss. (ECF 45 & 46.) A Magistrate Judge recommended that the District Court grant that motion and that it dismiss Hill's remaining claims with prejudice for failure to comply with Federal Rules of Civil Procedure 8 and 20. (ECF 63.) The Magistrate Judge also advised Hill that he could file objections and warned him that, "in the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted." (Id. at 4.)

Because Hill did not timely file objections, the District Court applied the "reasoned consideration" standard to the Magistrate Judge's Report and Recommendation. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017).

The District Court adopted the Report and Recommendation in part and rejected it in part, granted the medical defendants' motion to dismiss, agreed that Hill's remaining claims failed to conform with Rules 8 and 20, but permitted Hill to file a second amended complaint within 20 days against the remaining defendants. (ECF 66.) The District Court cautioned that failure to file a second amended complaint within the allotted time would result in dismissal of the case. (Id. at 5.)

Hill did not file a second amended complaint. Instead, he timely filed a motion for reconsideration (ECF 68) and, while that motion was pending, timely filed two identical notices of appeal.[1] (ECF 69 & 71.) Then, in response to a jurisdictional notice issued by the Clerk of this Court, Hill cited Mitchell v. Horn, 318 F.3d 523, 528 (3d Cir. 2003), for the proposition that without prejudice dismissals can be treated as final when a plaintiff declares his intention to stand on his complaint. (Doc. 14, at 6.) Under these circumstances, we conclude that Hill elected to stand on his amended complaint. Accordingly, contrary to the medical defendants' argument, see Br. of Dr. Pillai and Berger, at 9-12 (Doc. 31), the District Court's order is final and appealable. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir 1992); Borelli v. City of Reading, 532 F.2d 950, 952 (3d Cir. 1976) (per curiam).

---

[1] The Court denied the motion for reconsideration after Hill filed his notices of appeal. Because Hill did not file a timely new or amended notice of appeal encompassing the order denying his motion for reconsideration, we lack jurisdiction to consider that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review that portion of the District Court's order which granted the medical defendants' motion to dismiss for plain error because Hill did not timely object to the Magistrate Judge's Report and Recommendation despite a proper warning. See Brightwell v. Lehman, 637 F.3d 187, 193 (3d Cir. 2011). We will not review that portion of the District Court's order that dismissed Hill's remaining claims under Rules 8 and 20 because, as the DOC defendants argue, see Br. of DOC defendants, at 17, Hill "concedes that his "amended complaint … is confusing and disjointed.'" Appellant's Br., at 12 of 22 (quoting District Court's Memorandum Order, at 3); Holk v. Snapple Beverage Corp., 575 F.3d 329, 336 (3d Cir. 2009) (holding that appellee waived an argument by "explicitly disclaim[ing]" it).

To succeed on an Eighth Amendment medical needs claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell, 318 F.3d at 530 (internal quotation marks omitted) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).

4

In his amended complaint, Hill explained that he suffers from mental illness and has a history of self-harm, including cutting himself with razors. (ECF 44, at ¶ 29.) On August 6, 2017, he was placed in a psychiatric observation cell [POC] because of threats of self-harm. (Id. at ¶ 60.) While there, Hill asked Dr. Pillai "to place him back on his psychotropic medications because he was exhibiting self destructive behavior." (Id. at ¶ 61.) Dr. Pillai allegedly "refused … because Hill 'continue[d] to file grievances.'" (Id. at ¶ 61 & 62.) According to Hill, Dr. Pillai stated, "If you're going to kill yourself, do it. I don't care." (Id.) In addition, Dr. Pillai allegedly told Hill that he would remain in the POC and not be permitted to shower, shave, or exercise. (Id. at ¶ 63.) While in the POC on a separate occasion, Hill "began to exhibit extreme psychotic self destructive behavior, which resulted in Hill being rushed to the University of Pennsylvania Medical Center …" (Id. at ¶ 98.) Hill alleged that, in November 2017, Berger refused to provide medication after Hill claimed that he was depressed, fatigued, agitated, hallucinating, and hearing voices. (Id. at ¶ 140, 151-52, 155.) Hill also claimed that as a result of the medical defendants' actions, he developed rashes and experienced "mental anguish, emotional suffering," and "physical pain and suffering." (Id. at ¶ 159-60.)

The Magistrate Judge stated that Hill's complaints amounted to only dissatisfaction with medical care and were "implausible," noted that Hill described the medical defendants' actions at only a "high level of generality," and indicated that Hill is "even rather vague about whether any injury was caused by" the medical defendants. (ECF 63, at 2-3.) The District Court agreed that "[e]ven reading [Hill's] allegations

5

liberally, [he] has failed to plead any facts to show [that the medical defendants] were deliberately indifferent to [his] medical needs or that they retaliated against [him]." (ECF 66, at 3.)

We conclude, however, that Hill's allegations, liberally construed and accepted as true, were sufficient to survive the medical defendants' motions to dismiss.[2] Hill, who had been transferred to the POC because of threats of self-harm, had objectively serious psychological needs. See Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017) (discussing deliberate indifference to the risk of self-harm). In addition, the medical defendants, who had visited Hill while he was in the POC, refused to provide medicine to treat his mental health needs. See Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987) (stating that "where 'knowledge of the need for medical care [is accompanied by the] … intentional refusal to provide care,' the deliberate indifference standard is met"). Moreover, Dr. Pillai effectively encouraged Hill to kill himself. See Lisle v. Welborn, 933 F.3d 705, 717 (7th Cir. 2019) (holding that comments by nurse encouraging a prisoner to commit suicide after a failed attempt could constitute deliberate indifference). Furthermore, unlike the Magistrate Judge, we do not believe

---

[2] To the extent, however, that Hill sought to bring conspiracy claims against the medical defendants, we conclude that he failed to state a claim. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178–79 (3d Cir. 2010) (holding that a § 1983 conspiracy claimant must assert facts from which a conspiratorial agreement can be inferred, not conclusory allegations). Therefore, we will affirm in part the District Court's judgment. We also conclude that, to the extent that Hill raised claims for use excessive force, deprivation of due process, and violations of state law, they were directed solely at the DOC defendants, not the medical defendants.

6

that Hill was "vague" about the injuries caused by the medical defendants. Instead, he identified several non-de minimis physical injuries that resulted from the denial of mental health treatment. See Mitchell, 318 F.3d at 533 (noting that the Prison Litigation Reform Act (PLRA) requires that "a prisoner demonstrate physical injury before he can recover for mental or emotional injury"). Finally, we conclude that Hill stated a viable retaliation claim by alleging that Dr. Pillai indicated that he was denying Hill's request for medication "because Hill 'continue[d] to file grievances.'" (ECF 44, at ¶ 61 & 62); Rauser, 241 F.3d at 333; Watson v. Rozum, 834 F.3d 417, 422-23 (3d Cir. 2016) (holding that submission of grievances is constitutionally protected conduct); cf. Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003) (concluding that denial of medically prescribed high fiber diet and delay in scheduling medical appointment could constitute an adverse action).

In sum, Hill's allegations, accepted as true, state a claim that Dr. Pillai and Berger were deliberately indifferent to his medical needs and that Dr. Pillai retaliated against him. The District Court's conclusion to the contrary was plainly erroneous. We hold, however, that Hill failed to state a conspiracy claim and that he did not raise claims against the medical defendants for use excessive force, deprivation of due process, and violations of state law. Accordingly, we will affirm the District Court's judgment in part and vacate in part and remand for further proceedings.